CLIFFORD M. HICKMAN, receiver, &c., complainant,

*v.*

THE SECOND NATIONAL BANK OF ORANGE, NEW JERSEY,
and C. E. DOWLING, defendants.

[Argued May term, 1925.   Decided October 19th, 1925.]

On appeal from a decree of the court of chancery advised
by Vice-Chancellor Church, who delivered the following
opinion:

"This is an action brought by the receiver of the Waverly
Smelting and Chemical Corporation against the Second Na-
tional Bank of Orange and C. E. Dowling to set aside the
transfer and delivery of about $10,000 worth of metal made
by the corporation to Dowling in December, 1924.

"On December 12th, 1923, the defendant Second National
Bank of Orange, held two notes of the Waverly Smelting and
Chemical Corporation, amounting to the sum of $10,000.
These notes were endorsed by Charles E. Dowling and were
secured by a mortgage pledged as collateral by Dowling to
the bank.

"On December 12th, 1923, the Waverly Smelting and
Chemical Corporation took up two notes, paying for the same
with the corporation's check.   The bank at the same time
gave its check for $39.17 in payment of unearned discount
and surrendered to Dowling his collateral.   About December
4th, 1923, Dowling purchased from the corporation ingots
manufactured by the corporation at a price of $10,499.47,
which is admitted to be the market price.   They were de-
livered to him on December 11th.

"The complainant claims that the transfer and the pay-
ment of the notes was in violation of section 64 of the Cor-
poration act, which reads as follows:

" 'Whenever any corporation shall become insolvent or shall suspend its ordinary business for want of funds to carry on the same, neither the directors nor any officer or agent of the corporation shall sell, convey, assign or transfer any of its estate, effects, choses in action, goods, chattels, rights or credits, lands or tenements, nor shall they or either of them make any such sale conveyance, assignment or transfer in contemplation of insolvency, and every such sale, conveyance, assignment or transfer shall be utterly null and void as against creditors; provided, that a *bona fide* purchase for a valuable consideration, before the corporation shall have actually suspended its ordinary business, by any person without notice of such insolvency or of the sale being made in contemplation of insolvency, shall not be invalidated or impeached.'

"The testimony shows that the company did not suspend its ordinary business until December 16th. No testimony was adduced which shows that Dowling had knowledge of the alleged insolvency.

"In *Reed* v. *Helois Carbide Specialty Co., 64 N. J. Eq. 231,* Vice-Chancellor Gray said, among other things:

" 'I do not understand this prohibition to be applicable to conveyances made in good faith by the officers of a corporation at a time when the financial embarrassments of the company are such that its insolvency may be within contemplation, if, as incidental to and essentially a part of the conveyances made a present consideration moves to the company. For instance, if a mortgage be given to secure the payment of money paid in good faith to the company coincidentally with the delivery of the mortgage, or a purchase-money mortgage be given to secure the payment of the purchase-money of land conveyed to the company, coincidentally with the making of the mortgage, or, if property be in good faith transferred to the company and its property or money be given in exchange therefor.'

"I think that the defendant was a *bona fide* purchaser for valuable consideration before the company actually suspended, and that the sale to him was valid.

"The complainant in his brief says that: 'The only question to be considered in this case is the question of whether the Waverly Smelting and Chemical Corporation was insolvent or in contemplation of insolvency when either or both aforementioned transactions took place.

"In considering this point, I have reached the conclusions that the complainant has failed to prove that the corporation was insolvent or contemplated insolvency on December 12th, 1923. The complainant has not submitted any evidence showing the value of the assets of the corporation as of December 12th, 1923, except to show the state of the bank account in the Second National Bank.

"The testimony shows that the corporation had other assets upon which the receiver realized between $16,000 and $17,000, and it may very well be that at the time of the sale to Dowling these other assets were sufficient to render the company solvent at that time. In regard to the notes of the corporation, the testimony shows that they were renewed in regular course as they fell due. It is apparent, therefore, that by an honest use of credit they might have continued in business, and did continue for some time, at least, after the sale to Dowling.

"Vice-Chancellor Lane, in *Hoover, &c.,* v. *Schafer, &c., 89 N. J. Eq. 433,* defined insolvency as used in the sixty-fourth section of the Corporation act as a general inability to meet pecuniary liabilities as they mature by means of either available assets or an honest use of credit.

"See, also, *Regina Music Box Co.,* v. *Otto, 65 N. J. Eq. 582; affirmed, 68 N. J. Eq. 802.*

"I, therefore, find that the company was not insolvent, or contemplating insolvency, within the meaning of section 64 of the Corporation act, and I will advise a decree dismissing the bill."

*Messrs. Bilder & Bilder,* for the appellant.

*Mr. William A. Calhoun,* for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Church.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PAR-
KER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL,
LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, JJ. 13.

*For reversal*—None.