## MORRISVILLE TRUST CO. v. MOON.

Circuit Court of Appeals, Third Circuit.
September 24, 1927.

No. 3556.

Corporations ⬤⟲542(5)—Transfer of claim by insolvent corporation to bona fide creditor as security for antecedent debt held valid (Corporation Law N. J. § 64 [2 Comp. St. 1910, p. 1638]; Uniform Fraudulent Conveyance Act N. J. § 3).

Uniform Fraudulent Conveyance Act N. J. § 3 (P. L. 1919, p. 501), provides that the securing or satisfaction of an antecedent debt shall be a "fair consideration" for property. Corporation Law N. J. § 64 (2 Comp. St. 1910, p. 1638), an older statute, prohibits an insolvent corporation from transferring assets, but provides that a bona fide purchase from it for a valuable consideration, while it is still doing business, shall not be invalidated. Held, that the earlier statute was qualified by the later, and that transfer of a claim held by an insolvent corporation still doing business as security for an antecedent debt, the creditor being without knowledge of the insolvency, was valid.

Appeal from the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

The Morrisville Trust Company appeals from an order disallowing as a preference its claim against J. Edward Moon, receiver of Black, Burris & Fiske, Inc. Reversed, with directions.

Harlan Besson, of Hoboken, N. J., and Edgar W. Hunt, of Trenton, N. J., for appellant.

Ellis L. Pierson, of Trenton, N. J., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is an appeal from an order of the District Court disallowing the claim of the Morrisville Trust

Company as a preference against the insolvent estate of Black, Burris & Fiske, Inc., hereinafter called Black. Black held a valid claim of $1,758.82 against Joseph R. Grant and Joe Jingola, partners trading as Grant & Jingola. Black became insolvent, and on August 8, 1924, 11 days before the bill of complaint herein was filed against it, and before it suspended business, it assigned its claim to the Morrisville Trust Company to secure an antecedent debt. The trust company admittedly did not know of the insolvency of Black. The receiver of Black collected from Grant & Jingola the $1,758.-82, notwithstanding the assignment, and refused to allow it as a preference. On appeal to the District Court, the order was affirmed, and the trust company appealed to this court.

The receiver and District Judge disallowed the claim as a preference, on the authority of section 64 of the General Corporation Act of New Jersey (2 Comp. St. 1910, p. 1638), which provides that:

"Whenever any corporation shall become insolvent * * *, neither the directors nor any officer or agent of the corporation shall sell, convey, assign or transfer any of its estate, effects, choses in action, goods, chattels, rights or credits, * * * and every such sale, conveyance, assignment or transfer shall be utterly null and void as against creditors; provided, that a bona fide purchase for a valuable consideration, before the corporation shall have actually suspended its ordinary business, by any person without notice of such insolvency * * * shall not be invalidated or impeached."

The trust company contends that this section is superseded by the Uniform Fraudulent Conveyance Act of New Jersey (P. L. 1919, p. 500), sections 2 and 3 of which contain the following provisions:

"2. (1) A person is insolvent when the present fair salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured. * * *

"3. Fair consideration is given for property, or obligation,

"(a) When in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an *antecedent debt is satisfied*, or

"(b) When such property, or obligation is received in good faith to secure a present advance or *antecedent debt* in amount not disproportionately small as compared with the value of the property, or obligation obtained."

The assignment of the claim was received in good faith to secure an antecedent debt, which was not disproportionately small as compared with the claim assigned by Black. Do these sections apply to corporations? It is conceded that they apply to individuals and partnerships. If they do apply, the act would seem to supersede section 64 of the Corporation Act, for it was passed later and their provisions are repugnant. Section 64 of the Corporation Act would be repealed by implication. Under that section the conveyance or assignment of property by a corporation while insolvent to satisfy an *antecedent* debt is null and void as against creditors, because the conveyance is not based on a "valuable consideration" within the meaning of that act. But under the Fraudulent Conveyance Act a "fair consideration" is given for property when it is received in good faith to secure an *"antecedent* debt" which is not disproportionately small as compared with the property received.

The appellant says that this act applies to corporations, because it was passed by the Legislature with the knowledge of section 9 of the act of 1877 (4 Compiled Statutes of New Jersey, p. 4972), and must be construed in the light of its provisions, which are:

*"Construction of Word Importing Singular Number or Masculine Gender.*—That whenever, in describing or referring to any person, party, matter or thing, any word importing the singular number or masculine gender is used in any statute, the same shall be understood to include, and shall apply to several persons and parties, as well as one person or party, and females as well as males, and bodies corporate as well as individuals, and several matters and things as well as one matter or thing, unless it be otherwise provided, or there be something in the subject or context repugnant to such construction."

It is true, as appellee says, that the word "corporation" is nowhere mentioned in the act. He contends that certain provisions of the act are repugnant to the contention that it applies to corporations as well as to individuals and partnerships. He refers to the provision in section 1 that " 'assets' of a debtor means property not exempt from liability for his debts." This refers to individuals only, he says, for none of the property of a corporation is exempt from liability for debts, and therefore this section does not refer to corporations. The sentence following the above quotation throws some light on what was meant by exemption from liability for his debts. "To the extent that any property

is liable for any debts of the debtor, such property shall be included in his assets." The legislative intent was to include in the term "assets" all property, both corporate and individual, that could be reached by execution under insolvency proceedings. The above provision, without change, accomplishes that intent, and there was no need expressly to include the term "corporations."

If the Legislature did not intend to include corporations, but did intend to restrict the operation of the act to individuals and partnerships, it seems that, in view of the fact that corporations were already included by the Legislature in the terms "he," "his," and "person," some express exclusion would have been made. It is pertinent to ask why the act does not expressly refer to corporations, if the Legislature intended to include them within its operations. It does not mention "individuals," and mentions "partnerships" only because it seemed necessary to do so in defining insolvency, in order to reach all assets, both firm and individual. The act does not expressly state that "individuals," "partnerships," or "corporations" are included within its provisions, but it does use the word "person," and the Legislature has said exactly what that word includes. If it meant to put a new meaning, a new content, into that word, it would have said so. Until it does say so, expressly or by necessary implication, the definition it has given to the word stands.

The trend of legislation is toward uniformity. There is no inherent reason why an individual, while insolvent, should be allowed to secure an antecedent debt by the conveyance of his property, and an insolvent corporation should not be so allowed. The same rule should apply to both in equity, as it does in bankruptcy. The act is intended to secure uniformity, and its provisions are somewhat general. Within the last 25 years the Legislature of New Jersey has passed nine acts intended to create uniformity among the states, in seven of which the word "person" is defined:

(1) Negotiable Instruments (P. L. 1902, p. 583 [3 Comp. Stat. 1910, p. 3734 at page 3756]): " 'Person' includes a body of persons, whether incorporated or not." Section 191.

(2) Sale of Goods Act (P. L. 1907, p. 311 [4 Comp. Stat. 1910, p. 4645 at page 4665]): " 'Person' includes a corporation or partnership or two or more persons having a joint or common interest." Section 76.

(3) Bills of Lading (P. L. 1913, p. 244, at page 261): " 'Person' includes a corpora-

tion or partnership or two or more persons having a joint or common interest." Section 53.

(4) Transfer of Shares of Stock in Corporations (P. L. 1916, p. 398, at page 404): "'Person' includes a corporation or partnership or two or more persons having a joint or common interest." Section 22.

(5) Conditional Sales (P. L. 1919, p. 461): "'Person' includes an individual, partnership, corporation, and any other association." Section 1.

(6) Partnerships (P. L. 1919, p. 481): "'Person' includes individuals, partnerships, corporations,. and other associations." Section 2.

(7) Limited Partnerships (P. L. 1919, p. 471): No definition of "person" or other similar word.

(8) Fraudulent Conveyances (P. L. 1919 p. 500): No definition of "person" or other similar word.

(9) Declaratory Judgments and Decrees (P. L. 1924, p. 312, at page 314): "The word 'person,' wherever used in this act, shall be construed to mean any person, partnership, joint stock company, unincorporated association, or society, or municipal or other corporation of any character whatsoever." Section 13.

It is the duty of courts to interpret, and not legislate; to declare what the Legislature did say, and not what it should say. If the Legislature did not intend that the words "he," "his," and "person," as used in the act in question, should include corporations, it should have said so expressly, or by implication so clear as to be unmistakable.

It is true that the Corporation Act has been in operation for a long time, and insolvent corporations have been adjudicated under it since the passage of the Uniform Fraudulent Conveyance Act. Smathers v. Leith, 92 N. J. Eq. 165, 111 A. 406 (1920); Bijur v. Bijur Motor Appliance Co. (N. J. Ch.) 121 A. 6 (1923); Evans v. Stanwood Rubber Co., 94 N. J. Eq. 630, 121 A. 2 (1923); McCormick v. McCormick & Sons, Inc., 94 N. J. Eq. 787, 121 A. 3 (1923); Matthews v. Pope, 95 N. J. Eq. 76, 121 A. 746 (1923); Flockhart Foundry Co. v. Cox Automatic Bending Co., 95 N. J. Eq. 382, 123 A. 151 (1923); Hickman v. Second National Bank of Orange, 98 N. J. Eq. 710, 130 A. 606 (1925); Turp, Receiver, v. Dickinson (N. J. Ch.) 134 A. 888. But it does not appear that this act has ever before been called to the attention of any court in New Jersey, and a precedent from silence is without force.

We regret that this act has not been construed by the courts of New Jersey. It is our duty and desire to follow them in construing their statutes. But this act does not seem to have been construed, not only in New Jersey, but by any court in any state. After we began the consideration of this case, it occurred to us that the construction placed upon the act by the courts of sister states would be persuasive. Counsel were then called in and asked to assist the court by bringing to its attention any cases from any state in which the act had been considered. We are now informed by them that, after diligent examination and inquiry, they have failed to discover a single case in which the question here involved has been raised.

The decree of the District Court is reversed, with directions to allow the claim of the Morrisville Trust Company as a preference.