The Chakcellob.
The bill of complaint in this cause was filed to foreclose a mortgage given to the complainant by her son, Thomas Coley, upon a lot in Camden to secure the payment of fifteen hundred dollars with interest. The mortgage was executed and recorded on the eighth of March, 1861.
On the second of May, 1861, a judgment by confession was entered in the Camden Circuit, in favor of Bremer, Beichart & Go. against the mortgagor, for four hundred and seventy-eight dollars. By virtue of an execution issued upon the said judgment, the mortgaged premises were levied upon and sold by the sheriff to George Henson, one of the firm of Bremer, Beichart & Co., for the benefit of the partnership. On the twenty-first of December, 1861, a deed was executed to the purchaser in pursuance of the sale.
A decree pro confesso was taken against all the defendants, except Bremer, Beichart & Co., who answered the bill. By their answer, they set out their lien upon the premises as execution creditors and their subsequently acquired title under the sale and conveyance by the sheriff. They insist that the mortgage executed by Thomas Coley to the complainant was made upon a secret trust between the mother and her son; that it was given without consideration, and is fraudulent and void as against creditors.
A cross-bill was subsequently filed by Bremer, Beichart & Co., setting up the same facts disclosed in their answer, charging that the mortgage given to Ann Coley was given without consideration while the mortgagor was in failing circum *352 stancesj in order to protect his property from his creditors, and praying that the said mortgage may be declared fraudulent and void, or postponed to the claims of subsequent bona fide creditors having liens upon the said premises.
The evidence in the case is not sufficient to warrant the setting aside of the complainant’s mortgage as fraudulent and void as against creditors. That it was executed by a son to his mother while the son was on the eve of insolvency, and that it was done on the motion of the son himself, and not at the instance or request of the mother, are not in themselves circumstances which furnish conclusive evidence of fraud.
A debtor in failing circumstances has an undoubted right to prefer any creditor, as well a parent or other near relative as a stranger, and if the debt were bona fide due, the strong: est considerations of duty may prompt a son to give preference to the claim of a widowed mother, who had given credit upon the faith of the son’s integrity over the claims of mere strangers.
The mode in which the amount of the mortgage debt was determined is calculated to create distrust in regard to the design of executing the mortgage. It does not appear that there was any settlement whatever between the mother and the son, nor was any method adopted to ascertain the precise sum due to the mother. According to her statement, a larger sum was due than was secured by the mortgage, and the mortgage was taken for an amount which it was supposed would be equal to the full value of the property. This in a doubtful case might furnish strong presumptive evidence of fraud. But where the evidence of the pre-existing debt is clear, the fact that the security was taken for less than the sum actually due, if equal to the value of the property mortgaged, furnishes no satisfactory proof of fraud.
The real question in the case is whether the mortgage was voluntary, or whether it was given to secure a debt bona fide due from the 'son to the mother. The complainant has attempted to show the precise consideration for which the *353 mortgage was given. This consideration consisted in part of a debt alleged to be due from the son to the mother, for five years’ board furnished to the son after he came of age, and prior to the death of the complainant’s husband. At this time the complainant and her husband were living together as man and wife. The presumption is, and so far as appears by the evidence, the fact was that the board was furnished by the father. If the son was indebted to any one for his board, it was to his father’s estate, and not to his mother. But there is no evidence on the subject other than that the son continued to reside with his parents after he attained the age of twenty-one years without any change in their previous relations. He is presumed, therefore, to have remained as a child unemancipated in fact, in which case he is not entitled to recover wages for his services, nor is he liable for board. Ridgway v. English, 2 Zab. 409.
There is no evidence of any agreement of the son to pay his mother for this board. No demand had been made for it. Nothing had been paid on account. The whole claim, if any had ever existed, was barred by the statute of limitations long prior to the giving of the mortgage. This part of the alleged consideration for the mortgage entirely fails. It was obviously not a subsisting debt at the date of the mortgage.
Ano’ther part of the consideration of the mortgage is alleged to consist of indebtedness from the son to the mother, for the board of the son and his wife for eight months after the death of the husband. The husband died on the eleventh of August, 1854, six years and seven months before the execution of the mortgage. There was no memorandum of any agreement respecting the board. No account was kept of it. No payment was made on account of it; nor does any demand of payment appear evef to have been made. There is no evidence whatever of the existence of the indebtedness, except from the testimony of the complainant herself. Her son, the mortgagor, has not been called as a witness. His wife, who was a member of the family, and who testifies as to. other *354 transactions between the complainant and her son, has no knowledge of any agreement relative to the board. The evidence is not satisfactory of the existence of any bona fide indebtedness from the son to the mother for the board of himself and his wife at the execution of the mortgage.
The remaining consideration for the mortgage is alleged to consist of a note given by the mortgagor to the mortgagee, bearing date on the ninth of May, 1854, for five hundred dollars. The note is produced. Its execution is proved. There is direct testimony, in addition to the evidence of the complainant herself, that it was executed at or about the time it bears date, and that the amount for which the note was given was actually loaned by the mother to the son. It is shown, moreover, that the mother had money which she acquired in her own right which she treated as her own, and that she had made loans to another of her sons. There are circumstances which tend to discredit the bona fides of the transaction, but they are not sufficient to overcome the direct and unequivocal evidence in the cause, that the amount due upon the note was a valid subsisting debt at the date of the mortgage. The note upon its face draws no interest. It is payable on demand. No legal demand for payment appears to have been made before the date of the mortgage. It does not appear that the mortgage included interest on the note. On the contrary, it is evident that interest could not have been included, inasmuch as the principal of the claims which constituted the consideration of the mortgage, with interest upon the note, would have exceeded the amount of the mortgage by more than one hundred and fifty dollars.
In the absence of satisfactory proof of actual fraud, the mortgage will be sustained to the extent of the consideration actually given, and will be declared void as to the residue as against the claims of subsequent judgment creditors. Boyd v. Dunlap, 1 Johns. Ch. R. 478; Wickes v. Clarke, 8 Paige 161; 1 Am. Lead. Cases 49.
The complainant’s mortgage will be declared to be a valid *355 and subsisting encumbrance upon the mortgaged premises for the sum of five hundred dollars, with interest from the date of the mortgage, and entitled to priority to this extent over all subsequent encumbrances; but as to the residue of the debt secured by the said mortgage, the same will be pronounced fraudulent and void as against creditors, and the debt thereby secured will be postponed in favor of the judgment and execution creditors.