The late Vice-Chancellor Leaming heard this case and filed partial conclusions after the final hearing, setting forth his opinion with respect to the mortgage held by the defendant *Page 93 
Louis Cades; the other issues in the case remained undecided at the time of his retirement as vice-chancellor.
An order of re-reference was made referring the case to me to advise what order or decree should be made therein and that in so doing I might use the testimony already taken, the briefs already submitted, and the partial conclusions already rendered by Vice-Chancellor Leaming.
In addition to the testimony taken on the discovery proceedings before a special master and at the final hearing before Vice-Chancellor Leaming, two of the defendants' witnesses who gave testimony at the final hearing before Vice-Chancellor Leaming with reference to the value of real estate were recalled for further examination before me, and the complainants also produced two witnesses before me who testified with relation to the value of real estate.
The bill was filed May 6th, 1931, and one of the complainants, Development Building and Loan Association, was dismissed from the bill of complaint as a complainant but was afterward admitted as a complainant by an order dated January 27th, 1932. Complainants Camden Securities Company and Development Building and Loan Association are judgment creditors, having recovered judgments in the New Jersey supreme court, the former against Harry Nurock on April 25th, 1931, for the sum of $2,049.07; the latter against Harry Nurock and Edith Nurock, his wife, on August 10th, 1931, for the sum of $7,388.55 and against Harry Nurock and Harry Lutz on the same day for the sum of $8,629.66. All three judgments were deficiency judgments on bonds after foreclosure of mortgages where the properties foreclosed were sold at sheriff's sale.
The defendant Harry Nurock was in September, 1929, the owner of a jewelry business which he conducted at 1124 Broadway, Camden, New Jersey, in premises owned by him. In that month one of the defendants, H. Nurock Company, was incorporated under the laws of New Jersey for the purpose of taking over this business, and on September 12th, 1929, defendant Harry Nurock, by a bill of sale, sold and conveyed to H. Nurock Company his goods, chattels and fixtures *Page 94 
located at 1124 Broadway, Camden, New Jersey, subject to the payment of all his unsecured creditors except three creditors, First Camden National Bank, South Camden Trust Company, and H.O. Hurlburt, the latter two having been named as defendants in the bill of complaint. The consideration for this bill of sale was the issuance of stock in the corporation to the amount of $1,000 in addition to the assumption of certain debts, the amount of which does not clearly appear from the testimony but which aggregated, apparently, about $11,000.
Four shares of stock of this corporation were issued to the defendant Harry Nurock, four shares to his wife, Edith Nurock, and one share each to his sons Milton C. Nurock and Emanuel C. Nurock.
This conveyance of the business by Nurock to the corporation is attacked as fraudulent and as having been made for the purpose of defeating the claims of creditors.
At the time of this transaction, defendant Harry Nurock, in addition to owning the business, owned eight or more parcels of real estate in the city of Camden, and had cash in bank amounting to about $2,500 and building and loan stock, the withdrawal value of which was approximately $1,000.
In determining the value of the real estate at that time the testimony of the real estate experts must be taken into consideration. The defense at the final hearing before Vice-Chancellor Leaming produced the testimony of two experts, Zinman and Rosenfeld, both of whom seemed to have a very good knowledge of real estate values in Camden at that time, and particularly of the market value of the premises 1124 Broadway, in which this jewelry business was conducted. These two witnesses both testified that the market value of the equities of the defendant Harry Nurock in his real estate owned by him at that time aggregated about $66,000. After a careful consideration of this testimony and taking into account the conditions which existed in the real estate market in September, 1929, I think that the market value placed by these two witnesses can be said to be a fair market value. *Page 95 
The two witnesses produced by the complainant at the final hearing before me, Miller and Humphreys, while having general experience in connection with real estate values in Camden, had not had the opportunity of forming a judgment as to the value of these properties from comparisons with the sales of other properties in the locality, and while they testified as to values to the best of their judgment, I am inclined to place reliance upon the testimony of Zinman and Rosenfeld as being more nearly correct.
If the figures of these two witnesses, Zinman and Rosenfeld, are discounted somewhat, the value of these real estate equities can well be said to be $50,000. Adding to this the cash in bank of $2,500 and the $1,000 withdrawal value of the building and loan stock, the assets of Harry Nurock aside from his jewelry business would total $53,000. His liabilities aside from the liabilities assumed by the H. Nurock Company, and the mortgage and tax liabilities which were deducted in fixing equities in real estate, amounted as near as can be determined from the testimony, to $23,000, leaving him a net worth of $30,500 over and above his liabilities at that time.
There is no evidence of express fraud in the transfer of this business from Nurock to the corporation. From the testimony it may be fairly assumed that the transfer was made for an adequate consideration. However, at the time of the transfer the fair salable value of his remaining property was more than would be required to pay his debts and he was not thereby rendered insolvent. Therefore under the Uniform Fraudulent Conveyance act (P.L. 1919 p. 500), and the cases construing this act, this transfer cannot be considered to be fraudulent. Conway v.Raphel, 102 N.J. Eq. 531.
Defendant Harry Nurock afterward sold his stock in this corporation to his son Milton C. Nurock for $400, which was an adequate consideration at that time.
On March 24th, 1930, the defendants Harry Nurock and Edith Nurock, his wife, executed a mortgage to defendant Louis Cades, a relative, for $10,000, covering the property *Page 96 
1124 Broadway, Camden. This mortgage was executed for moneys which were loaned by Cades to Nurock and was a second mortgage on the property. From the evidence I could find no fraud connected with that transaction. The partial conclusions filed by Vice-Chancellor Leaming related to this mortgage transaction. I quote his conclusions and concur in them.
"I shall not at this time determine any of the issues presented by the bill except that touching the mortgage executed by Harry Nurock and wife to Louis Cades, dated March 24th, 1930, and recorded on the same date in book 358 of mortgages, at page 72. That issue is determined at this time because of the approaching sale of the mortgaged premises under a prior lien.
"It is impossible to determine under the evidence touching that mortgage that the transaction was not exactly as claimed by the defense. The relationship of the parties and some minor circumstances may be said to excite suspicion; but it is clearly impossible to ignore the testimony of the parties to the transaction, especially when considered in connection with the corroborating evidence. I am satisfied that the evidence demands a finding of fact that the full amount of the mortgage, except the small amount previously owing, was actually loaned in cash at that time, and that the mortgage was executed in good faith to secure that indebtedness.
"As to that mortgage the relief sought by the bill will be denied."
On March 26th, 1930, the defendants Harry Nurock and Edith Nurock, his wife, executed a mortgage to defendant South Camden Trust Company for $6,725, covering several properties described in the bill of complaint.
The same defendants, on March 28th, 1930, executed a mortgage to W.H. Hurlburt, trading as H.O. Hurlburt Son, for $5,442.16, covering premises 1124 Broadway, Camden, which latter mortgage was a fourth mortgage on that property, subject to the three prior mortgages aggregating $30,000. Both the mortgages given to South Camden Trust Company and to H.O. Hurlburt Son were given for indebtedness due from the defendant Harry Nurock. *Page 97 
At the final hearing before Vice-Chancellor Leaming the complainants abandoned their bill against these two defendants and orders were made dismissing the bill as to both South Camden Trust Company and Hurlburt.
By deed dated September 10th, 1930, defendants Harry Nurock and Edith Nurock, his wife, conveyed premises known as 1318 and 1320 Princess avenue, Camden, New Jersey, to Dorothy Nurock, their daughter. The consideration was stated in the deed to be the sum of one dollar and other good and valuable consideration. The premises conveyed to the defendant Dorothy Nurock was the homestead property where she had always lived with her parents, and was encumbered for $6,000. Dorothy Nurock was crippled as a result of a disease causing since early childhood paralysis of both her legs. She had been promised by her father and mother the gift of this property when she was about thirteen years old and the conveyance of this property to her was made, so far as the evidence discloses, to carry out this promise. This promise was undoubtedly made because of her infirmities. There is no question about the solvency of the defendant Harry Nurock, so far as the evidence discloses, at the time of this promise and at the time of the conveyance there is no suspicion that the defendant Dorothy Nurock was a party to any effort to defraud creditors. There is no proof offered by the complainants or that appears in the evidence which shows that Harry Nurock at the time of this conveyance was insolvent or that this conveyance would render him insolvent. The burden of proving insolvency is upon the complainants.
On September 29th, 1930, the defendants Harry Nurock and Edith Nurock, his wife, executed a deed to their daughter Dorothy Nurock, conveying premises known as 1183 and 1185 Haddon avenue, 1279 Kaighn avenue, and an undivided one-half interest in premises at Third and Atlantic avenue, Camden, New Jersey, which premises are described in the bill of complaint. The consideration stated in this deed is one dollar and other good and valuable consideration. At the time of this conveyance these properties were encumbered *Page 98 
in the way of mortgages and taxes for more than $16,000 and the equity of Harry Nurock in them at that time did not exceed $2,500. The evidence is that the defendant Harry Nurock owed his daughter Dorothy more than $2,500, including $225 in gold which she gave him at the time this deed was executed. This sufficiently appears from the testimony of Dorothy Nurock, Harry Nurock and Milton C. Nurock, which testimony is uncontradicted and the veracity of which I have no reason to question. A fair consideration was given for the property by the daughter to the father, although this consideration consisted partly of an antecedent debt which was satisfied by this conveyance.
On September 10th, 1930, the defendants Harry Nurock and Edith Nurock, his wife, executed a deed to the defendant H. Nurock Company for the premises known as 1124 Broadway, Camden, described in the bill of complaint and being the same premises in which the jewelry business formerly owned by the defendant Harry Nurock was conducted. The consideration stated in this deed is one dollar and other good and valuable consideration. The actual consideration was the sum of $100, subject to the encumbrances. At the time of the conveyance the lands and premises were encumbered by four mortgages, one held by Cooper Hospital for $10,000; a second held by Louis Cades for $10,000; a third by First Camden National Bank and Trust Company for $10,000 and the fourth by W.H. Hurlburt, trading as H.O. Hurlburt Son, for $5,442.16. The evidence shows from the testimony of Zinman and Rosenfeld, the real estate experts, that Harry Nurock had no equity in this real estate, therefore the consideration of $100 paid by H. Nurock Company to him was a full and adequate consideration.
A fire occurred at premises 1124 Broadway, Camden, sometime in March, 1931, which fire damaged the premises and the stock and fixtures. The defendants, Franklin Fire Insurance Company, Fidelity and Guaranty Fire Corporation and the Niagara Fire Insurance Company were the insurers and all have filed bills of interpleader because of conflicting claims made against the moneys admitted to be due under their policies. *Page 99 
The Franklin Fire Insurance Company has paid into the court of chancery the sums of $1,298.57 and $519.43, representing liability on their policies on the real estate. The Fidelity and Guaranty Fire Corporation has paid into the court of chancery the sum of $3,223.58 and the Niagara Fire Insurance Company has paid into the court of chancery the sum of $3,233.57.
I think I have disposed of all the matters in controversy.
The defendant Harry Nurock has been engaged in business for many years at 1124 Broadway, Camden, and so far as I could determine from the testimony, was a substantial business man having investments in bank stock, building and loan stock and other investments, later becoming interested in the purchase and sale of real estate, which appears by the number of properties which he owned, some of which were in controversy in this case.
Reaching the conclusions that I have will result in the dismissal of the bill of complaint, with costs, as to all of the defendants now affected, the bill having previously been dismissed as to certain defendants.
I will advise a decree in accordance with these conclusions.