Isaac Wolosin et al., complainants-appellants,

*v.*

Joseph Iavarone et al., defendants-respondents.

[Submitted October term, 1932. Decided January 31st, 1933.]

*Messrs. Seclow & Nessanbaum,* for the appellants.

*Mr. Frank V. Introcaso* (*Mr. Ralph P. Messano,* of counsel), for the respondents.

The opinion of the court was delivered by

Lloyd, J.

Isaac Wolosin and Mary, his wife, were judgment creditors of Iavarone to the extent of $12,907.09 and filed a creditor's bill to set aside two conveyances and a chattel mortgage made by the defendant Iavarone and his wife, to Peter D'Alesso. The Iavarones made their conveyance of the two parcels of land on July 31st, 1931. The judgment of the plaintiffs was obtained November 23d, 1931. The charge is that the conveyances were made in fraud of creditors and without consideration. The chattel mortgage does not now enter into the proceeding as that was disposed of in another litigation, and Iavarone. having become a bankrupt, Philip T. Smith, the trustee in bankruptcy, was admitted as complainant in the place of the Wolosins.

The case was heard by Vice-Chancellor Fielder, who declined to set aside the conveyances, making an oral deliverance

at the conclusion of the proofs from which it may be inferred that he was satisfied of the *bona fides* of the transactions.

Complainants offered no direct evidence of fraud but called the defendants themselves as witnesses, and from them deduced testimony to the effect that Iavarone was insolvent; that he owed D'Alesso various sums of money from loans made in the year preceding; that these loans were made in cash in the form largely of $1,000 bills which had been kept in a safe in D'Alesso's home while he had a bank account running in which he was depositing and withdrawing other moneys; and that he was a considerable borrower from the bank.

The case has elements that suggest a suspicion that all was not right. One thousand dollar bills in one's home safe are certainly rare and the fact that the money was in the home while a bank account was available and that he was a borrower from the bank from time to time are all factors from which fraud might at least be suspected, but it must be borne in mind that the allegation is fraud and the burden is on the complainants to establish it; it cannot be presumed or lightly inferred. In cases where fraud is alleged mere suspicion is not enough. It must be established by adequate proofs. *Rice* v. *Barrington, 75 N. J. Law 806; 27 Corp. Jur. 820.*

We do not say that the evidence in the present case was insufficient in a legal sense to justify a conclusion that the conveyances were made without adequate consideration and that they were intended to hinder and defraud the complainants Wolosin, but the vice-chancellor who heard the case was not impressed with its sufficiency, in either direction. He saw and heard the witnesses; we did not, and on the printed record we are not prepared to hold that he should have concluded otherwise than he did.

The decree is affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD. WELLS, KERNEY, JJ. 13.

*For reversal*—None.