This is a suit by a judgment creditor of defendant Domenico Santucci, to set aside a certain conveyance made by him of his interest in certain real estate by a deed dated July 2d 1928. In 1924 the husband endorsed a note of a friend in part payment on an automobile purchased by the *Page 505 
friend. This note subsequently came into the possession of complainant and was the basis of the entry of a judgment against Domenico Santucci in December, 1931.
Domenico and his wife are illiterate people and not very familiar with the English language. Their explanation of the circumstances of the various transactions in question are somewhat confused but I cannot find from either their testimony or that produced on behalf of complainant any evidence of any actual intent to defraud creditors.
The premises in question were acquired by the defendants in 1921 as tenants by the entirety and most at least of the purchase price was established to have come from her individual assets. In 1928 the husband conveyed his interest to his wife. Domenico testified that from the time of the endorsement of the note for his friend in 1924 until 1931, when he was sued thereon, he had no knowledge of any claim against him because of this endorsement. He variously testified that he made the conveyance of the real estate to his wife in 1928 because it was bought with his wife's money and belonged to her, and also just because she was a good wife.
If the conveyance was made in recognition of the fact that the wife was the real owner, the conveyance would not be fraudulent or voidable at the suit of a creditor.
If the conveyance was a purely voluntary one by way of a gift from the husband to the wife, in the absence of proof of actual intent to defraud creditors, it is still valid provided the grantor was not thereby rendered insolvent. There was no proof that at the time of the conveyance in 1928 the husband was insolvent. In fact, the testimony was to the effect that for a period of many years beginning prior to 1928, and continuing thereafter, he was the owner and operator of a small business.
On this showing complainant has not made out a case entitling it to a decree setting aside the conveyance. The burden of proof is on the complainant to show that the conveyance thereby rendered the grantor insolvent. Trust Company of Orange v.Garfinkel, 107 N.J. Eq. 20; Conway v. Raphel, 101 N.J. Eq. 495.
The bill will be dismissed. *Page 506