On February 1st, 1929, the Jersey City Lumber Company executed a bond and mortgage for $40,000 to Charles Blum, the complainant herein; the defendant Michael J. Sexton guaranteed its payment. In May, 1932, the mortgage was in default and foreclosure proceedings were instituted. A decree for $41,133.32 was obtained and a sheriff's sale had under it; the premises sold for $500; this sum was credited to the amount due under the decree.
A deficiency suit was instituted in the New Jersey supreme court by the complainant against Sexton, on his guarantee, and a judgment by default was entered against him.
Shortly before the foreclosure proceedings were instituted against the Lumber Company, a demand in writing had been made upon it for the arrearages. The defendant Michael J. Sexton was its president, and his daughter, the defendant Natalie C. Sexton, was its treasurer. After the demand for arrearages was made, and before the foreclosure bill was filed, the defendant Michael J. Sexton conveyed premises in Point Pleasant, New Jersey, to his said daughter. This conveyance took place May 3d 1932, and the complainant seeks to have it set aside on the ground that it is fraudulent. The bill to foreclose was filed June 5th, 1932.
Sexton, as president of the Lumber Company, received a salary of $10,000 a year. His counsel contends that the conveyance *Page 18 
did not thereby render Sexton insolvent. I think the contention is not without force. I can find no evidence to indicate that he did thereby become insolvent. A conveyance will not be set aside even though without consideration if the grantor is not thereby rendered insolvent. Superior Finance Corp. v. Santucci,115 N.J. Eq. 504. When the mortgage was declared in default, Sexton's liability was contingent, and it was not established until judgment was entered against him in the supreme court on March 20th, 1933, for the sum of $42,577.60, including costs.
The complainant alleges that the conveyance from Sexton to his daughter was voluntary. While proof of that allegation in case of a grantor's solvency would be immaterial, it can be stated, however, that it is denied by the defendant Natalie C. Sexton; that the conveyance was made without consideration. She not only testified that her father was indebted to her in the sum of $5,857.84 for moneys advanced to him individually, and, also, to his creditors, at his request, but she produced checks and business records showing contributions of money to his bank account, and also payments towards some of his liabilities. She testified that she entered the employ of the Lumber Company in 1921 and received a yearly salary of $1,500, which salary was increased to $2,000 and then to $3,250. She was bookkeeper, secretary and treasurer of the company. The books of the company were offered in evidence, and they corroborated her testimony as to the salary. The books also showed that over a course of years she did not draw her full weekly salary, but she allowed it to remain in the treasury of the Lumber Company. She, at different intervals, drew against the amount due her, as her wants required. She had no bank account of her own and used the company's checks as a convenience and as evidence of disbursement; the loans to her father, and the payments to his creditors, were evidenced by the company's checks to her order, which she, in some instances, endorsed "for deposit M.J. Sexton," her father, or paid directly to his creditors. These payments appeared to be entered in the books of the Lumber Company in the *Page 19 
regular course of business and are intermingled with other daily entries spread over a period of years, and, in my opinion, has strong probative force and tends to overcome or rebut a presumption or suggestion of fraud.
The testimony shows that Sexton, a year before the date of the conveyance, in consideration of the payments made by his daughter as aforesaid, agreed to convey the said property to her, and that the delay in doing so was due to the serious ill health of his wife, the defendant Margaret L. Sexton. Dunham v. Cades,115 N.J. Eq. 290.
The parent was wholly within his rights in preferring his daughter, since she was a bona fide creditor, and I am so convinced. Coley v. Coley, 14 N.J. Eq. 350; Carluccio v.Winter, 108 N.J. Eq. 174.
It nowhere appears that the grantee participated in any fraud.Geller v. Johnsen, 95 N.J. Eq. 516.
I am satisfied the defendant Natalie C. Sexton has shown, beyond doubt, that the conveyance was made in consideration of an antecedent debt; and the proof discloses in detail and with precision its amount. Lysakowski v. Blauvelt, 115 N.J. Eq. 501.
It further appears that the defendant Margaret L. Sexton, wife of the said Michael J. Sexton, advanced approximately $5,300 to him as a loan; and, that at the time of the conveyance to the said Natalie Sexton, there was an agreement between the grantors and grantee, that if the said claim of the grantee, Natalie Sexton, was satisfied through a future sale of the premises, or otherwise, the excess, if any, should be turned over and paid to the said Margaret L. Sexton.
Under the circumstances, I shall advise a decree denying the application of the complainant to set aside said conveyance. *Page 20