Israel Epstein, complainant-appellant,

*v.*

Aaron Bendersky et al., defendants-respondents.

[Submitted February 13th, 1942. Decided May 14th, 1942.]

*Messrs. Fast & Fast,* for the appellant.

*Mr. Henry P. Bedford,* for the respondents.

PER CURIAM.

This is an appeal from a decree of the Court of Chancery advised by Vice-Chancellor Bigelow, dismissing a bill filed to have set aside as in fraud of creditors certain conveyances by the defendant Aaron Bendersky to his wife and son, the other defendants herein. The bill did not allege that the conveyances rendered Bendersky insolvent or that he was insolvent, but alleged actual fraud.

The only witness called by the complainant was the defendant Aaron Bendersky. The three defendants testified in their own behalf.

In 1931, complainant loaned Bendersky $10,000, and had two bonds and mortgages as security. On May 10th, 1940, complainant recovered judgment in the Essex County Circuit Court against Aaron Bendersky in the sum of $15,225 debt and $81.70 costs.

In 1934, Bendersky transferred to his wife all his stock in Pure Milk Dairy, Inc., a business in which he had been active, but in which there were difficulties due to disputes with other interested persons. The consideration alleged to have passed was a credit of $10,000 on a debt of $23,000 which he owed to his wife because of advances of money by her to him.

In 1935, he conveyed the stock of Farmers Realty and Improvement Company, which owned a piece of real estate, to his wife for a consideration of $1. Defendants testified this stock was worthless, as the real estate was encumbered by a mortgage of $24,700 and, at the time of transfer, unpaid taxes of $2,303, as against an appraised value of $25,200.

A few days after complainant started suit against Bendersky, Bendersky assigned two mortgages to his son, the defendant Joseph Bender. One mortgage was a first mortgage of $300, and the other a second mortgage of $1,350 subject to a first mortgage of $6,000. The evidence was that the son was earning about $190 a month and had loaned small sums to the father as he needed it, and that these loans totaled $1,005. The two mortgages were assigned and $150 in cash paid by the father in satisfaction of this debt.

The learned Vice-Chancellor concluded that the complainant had failed to establish fraud. In this conclusion we concur.

The complainant argues that the burden was upon the defendants to establish the consideration of the conveyances, when no consideration was paid at the time of the transfer. But the broader rule to be applied to cases of this kind is stated by this court in *Hersh* v. *Levinson Bros., Inc., 117 N. J. Eq. 131,* that: "The burden of establishing fraud, in a case such as this, rests upon the party averring it; it will not be presumed. It must be established by competent and satisfactory proof; circumstances that are merely suspicious will not support an inference of fraud."

In the instant case, there is an absence of proof to sustain the charge of fraud.

Complainant alleges error in the refusal of the trial court to permit an amendment of the bill of complaint to allege that the debtor Bendersky was insolvent at the time the transfers were made. In the decree it is recited:

"And the court having found the testimony shows that the consideration for the transfers set forth in the bill of complaint was ample and that actual fraud had not been proved and so the bill of complaint must be dismissed, and thereafter upon application by complainant, to amend the bill of complaint to allege that the debtor Aaron Bendersky was insolvent at the time he made the transfers referred to in the bill of complaint and for a re-hearing, the court having denied the motion on the ground that if the amendment were allowed the court's determination would be the same."

Inasmuch as the proofs fail to show either fraud or insol-

vency at the time of the challenged transfers, the action of the Vice-Chancellor was wholly warranted.

The decree under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, JJ. 12.

*For reversal*—None.