It is unfortunate that considerations of respectability and moral rectitude have not of themselves induced the defendant to discharge the indebtedness of his deceased father to the complainant, Dr. Benjamin F. Glasser, who administered medical aid to the decedent during his last and fatal illness.
This observation is derived from the circumstance that on October 7th, 1941, the decedent, Joseph Feller, transferred to his son, the defendant, his interest, whatever it may then have been, in a bank account in the Peoples National Bank of New Brunswick, New Jersey, in the sum of $26,436.10 then credited to both himself and his son. The decedent died testate on March 18th, 1942, leaving, however, insufficient assets in his estate to satisfy the claims of the complainants. *Page 91 
The bill of complaint in the present cause assails the intervivos transfer as one fraudulently conceived and consummated by the decedent and his son with an intention to avoid and defeat the payment of the claims of the decedent's creditors. R.S.25:2-3 et seq., N.J.S.A.
The proof, however, confined as it is to the testimony of the complainant Glasser and the admissions of the answer, is too meager and incomplete adequately to establish the essential elements of the alleged cause of action. The burden of proving fraud in a case of this nature rested upon the complainants. Fraud will not be presumed and circumstances that merely arouse suspicious will not support an inference of fraud. Wolosin v.Iavarone, 112 N.J. Eq. 409; 164 Atl. Rep. 488; SecurityAcceptance Corp. v. Donegani, 113 N.J. Eq. 281;166 Atl. Rep. 209; Hersh v. Levinson Bros., Inc., 117 N.J. Eq. 131;174 Atl. Rep. 736; Brand v. Quinn, 121 N.J. Eq. 260; 190 Atl. Rep. 323;Epstein v. Bendersky, 132 N.J. Eq. 30; 26 Atl. Rep. 2d247.
Moreover, it was incumbent upon the complainants to disclose that the transfer rendered the decedent insolvent within our acceptation of that term. Conway v. Raphel, 102 N.J. Eq. 531;141 Atl. Rep. 804; Trust Company of Orange v. Garfinkel,107 N.J. Eq. 20; 151 Atl. Rep. 858; Camden Securities Co. v.Nurock, 112 N.J. Eq. 92; 163 Atl. Rep. 547; affirmed, 114 N.J. Eq. 18; 168 Atl. Rep. 308; Dunham v. Cades, 115 N.J. Eq. 290;170 Atl. Rep. 656; Superior Finance Corp. v. Santucci, 115 N.J. Eq. 504; 171 Atl. Rep. 551; Franklin National Bank v. Freile,116 N.J. Eq. 278; 173 Atl. Rep. 93; affirmed, 117 N.J. Eq. 405;176 Atl. Rep. 167.
It was also imperative to reveal that at the time of the transfer, the transferor was insolvent or was thereby rendered insolvent. Dammers v. Croft, 111 N.J. Eq. 462;162 Atl. Rep. 734. It will not suffice to disclose that at some subsequent time the transferor was or became insolvent. Carluccio v.Winter, 108 N.J. Eq. 174; 154 Atl. Rep. 427.
The inadequacy of the proof obliges me to dismiss the bill, without prejudice. Decree accordingly. No costs. *Page 92