Appeal is taken from the determination of Judge Jayne, in the Chancery Division of the Superior Court, dismissing plaintiffs' complaint for failure of proof.
Plaintiffs were judgment creditors of Joseph Feller, deceased. Plaintiff Glasser was his physician and his claim is $850 for services rendered during his last illness. Plaintiff Kleinberg was attorney for the decedent's widow, who attacked the probate of decedent's will and who was allowed a counsel fee of $500 for his services in said proceedings.
Plaintiffs presented their claims to the executor of decedent's estate, but they were not paid because of insufficient assets in said estate. Thereupon plaintiffs filed their complaint to have it decreed that the defendant make discovery of money, property and choses in action belonging to the decedent and that he be decreed to turn over to the estate and deliver such money, property and choses in action as belonged to the decedent. By the pre-trial order, consented to by the parties, the trial was limited to the following issues:
"(a) Whether the inter vivos transfer by the decedent, Joseph Feller, of his interest in the bank account on October 7, 1941, to his son, the defendant, was made with intention to avoid and defeat the payment of the claims of the decedent's creditors.
"(b) Whether the transfer rendered the decedent insolvent."
Decedent died on March 18, 1942, leaving a last will and testament by which defendant was made executor. It appears that, prior to October 7, 1941, there was an account in the name of the decedent and defendant, requiring their joint signatures, and that, on said date, the balance in said account was $26,436.10. On that day, the account was transferred to the defendant Daniel Feller. The account was opened in 1933 in the name of decedent, Joseph Feller. In 1936, it was in the names of decedent, Joseph Feller, defendant Daniel Feller and decedent's daughter Florence Feller. Thereafter, *Page 171 
it was transferred to decedent and defendant, and then to defendant, as stated above.
A former suit was started by plaintiffs and went to trial before the same judge. 141 N.J. Eq. 90 (Ch. 1948). The testimony of plaintiff Glasser at the trial of the first case was submitted at the trial of the present issue, and was supplemented by the testimony of the decedent's housekeeper. It did not, however, establish the required proof.
The testimony is barren of any thing to indicate that decedent actually owned any part of the moneys in the account at the time of the challenged transfer. Such ownership or any interest therein is denied by defendant's answer to the complaint. The proof is that defendant was operating the business from which the funds arose and that he gave a certain sum of money weekly for the household expenses of decedent and paid other expenses. The decedent had an account in a bank in New Brunswick in his own name, the amount therein in October, 1941, being $907.04, as testified by a representative of the bank. There is nothing to indicate that the decedent had any desire or intention to avoid or defeat the payment of any debts. Indeed, there is no proof that decedent was indebted to any one at the time of the transfer of the account in question. He had an account sufficient to pay his physician.
Nor is there proof that the transfer of the account to defendant rendered decedent insolvent. There is no proof upon this subject.
The trial judge, in his conclusions stated: "I do not perceive that the plaintiffs have adequately proved that the decedent, Joseph Feller, made a fraudulent transfer with respect to which they are entitled to relief, nor have they established their right to the desired relief upon any other ground." With this conclusion we are in accord.
The judgment under review is affirmed. *Page 172