18 N.J. Super. 438 (1952)
87 A.2d 356
ALFIERO PALESTRONI, PLAINTIFF-APPELLANT,
v.
SAMUEL JACOBS, HARRIET KALISHER JACOBS, GERALD MARTELL, NATHAN BAKER AND SYLVIA BAKER, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 3, 1952.
Decided March 11, 1952.
*439 Before Judges McGEEHAN, JAYNE, and WM. J. BRENNAN, JR.
Mr. Eugene T. Sharkey argued the cause for appellant (Mr. John J. Wygant, attorney).
Mr. Samuel M. Friedman argued the cause for respondents Baker.
Mr. Sylvester S. Garfield argued the cause for respondent Samuel Jacobs.
The opinion of the court was delivered PER CURIAM.
The complaint in the present action assails a deed of conveyance dated December 27, 1950, whereby Samuel Jacobs and Harriet Kalisher Jacobs granted to *440 Nathan Baker and Sylvia Baker three lots of land with the residence situate thereon in the City of Englewood, Bergen County, as one fraudulently conceived and consummated to hinder, delay or defraud the creditors of Harriet Kalisher Jacobs. R.S. 25:2-3.
The parties at the pretrial conference agreed "to limit the trial of this action to the following issues: 1. Whether Mrs. Jacobs was insolvent at the time of the conveyance to the Bakers. 2. Whether the deed to the Bakers was in fraud of creditors of Mrs. H.K. Jacobs."
R.S. 25:2-5 provides that "Nothing contained in this article shall be construed to impeach, defeat or make void any conveyance * * * or sale of any real estate * * * made for a good consideration and bona fide, to any person not having, at the time of such conveyance, assurance or sale, any notice or knowledge of the covin, fraud or collusion * * *." Tantum v. Green, 21 N.J. Eq. 364 (E. & A. 1869); American Surety Co. v. Conway, 88 N.J. Eq. 370, 373 (E. & A. 1917); Journal Square Nat. Bank v. Hetherington, 116 N.J. Eq. 596 (E. & A. 1934); Equitable Life Assurance Society v. Patzowsky, 131 N.J. Eq. 49 (E. & A. 1942).
Notice, however, may arise from the purchaser's knowledge of circumstances which should have put him on inquiry. Tantum v. Green, supra; De Witt v. Van Sickle, 29 N.J. Eq. 209, 215 (Ch. 1878); Dougherty v. Connolly, 61 N.J. Eq. 421, 428 (Ch. 1901); Horton v. Bamford, 79 N.J. Eq. 356, 375 (Ch. 1911).
The burden of proving fraud in a case of this nature rested upon the plaintiff. Fraud will not be presumed, and circumstances that merely arouse suspicions will not support an inference of fraud. Wolosin v. Iavarone, 112 N.J. Eq. 409 (E. & A. 1933); Security Acceptance Corp. v. Donegani, 113 N.J. Eq. 281 (E. & A. 1933); Hersh v. Levinson Bros., Inc., 117 N.J. Eq. 131 (E. & A. 1934); Brand v. Quinn, 121 N.J. Eq. 260 (Ch. 1936); Epstein v. Bendersky, 132 N.J. Eq. 30 (E. & A. 1942).
*441 It was incumbent upon the plaintiff to disclose that the conveyance rendered the grantor-debtor insolvent within our acceptation of that term. Conway v. Raphel, 102 N.J. Eq. 531 (E. & A. 1928); Trust Company of Orange v. Garfinkel, 107 N.J. Eq. 20 (E. & A. 1930); Camden Securities Co. v. Nurock, 112 N.J. Eq. 92 (Ch. 1932), affirmed 114 N.J. Eq. 18 (E. & A. 1933); Dunham v. Cades, 115 N.J. Eq. 290 (E. & A. 1934); Superior Finance Corp. v. Santucci, 115 N.J. Eq. 504 (Ch. 1934); Franklin National Bank v. Freile, 116 N.J. Eq. 278 (Ch. 1934), affirmed 117 N.J. Eq. 405 (E. & A. 1935).
It was also imperative to reveal that at the time of the conveyance, the grantor was insolvent or was thereby rendered insolvent. Dammers v. Croft, 111 N.J. Eq. 462 (E. & A. 1932). It will not suffice to disclose that at some subsequent time the grantor was or became insolvent. Cf. Carluccio v. Winter, 108 N.J. Eq. 174 (E. & A. 1931).
The trial judge resolved that the evidence introduced on behalf of the plaintiff was too meager and insufficient adequately to establish the essential elements of the alleged cause of action, and a judgment dismissing the plaintiff's action and also the counterclaim of the defendant Samuel Jacobs was entered. The plaintiff appeals from the dismissal of his action against the defendants.
The inadequacy of the plaintiff's proof is noticeable. With the exception of the plaintiff's brief testimony and that of his real estate expert concerning the estimated market value of the property, the only testimony is that of the defendants who were called and examined by plaintiff's counsel.
We observe that the point primarily emphasized by counsel for the plaintiff-appellant is that "the trial court unduly restricted the presentation of the plaintiff's case." We fail to detect in the record any ruling of the trial judge which ignored or contravened the objection of counsel for the plaintiff, and we therefore assume that his criticism comprehends only an alleged judicial indiscretion in the supervision of the trial.
*442 We stated in Smith v. Smith, 17 N.J. Super. 128 (App. Div. 1951):
"From an acquaintance with the more impressive judicial utterances on the subject of abuse of discretion, it will be deduced that there are two conditions which must exist to warrant an appellate court in nullifying a ruling of the trial court made in the exercise of a conceded discretion. The first is that the judicial action must have been clearly unreasonable in the light of the accompanying and surrounding circumstances, and the second condition is that the ruling must have resulted prejudicially to the rights of the party complaining.
With relation to the first condition it it not to be supposed that a mere difference in judicial opinion concerning the feasibility, expediency or pragmatical propriety of the ruling is synonymous with abuse of judicial discretion. State v. Wood, 23 N.J.L. 560, 564 (E. & A. 1847); Day v. Donohue, 62 N.J.L. 380, 383 (E. & A. 1898).
Anent the second condition, Justice Southard in the early case of Ogden v. Gibbons, 5 N.J.L. 612 (*518) (Sup. Ct. 1819), remarked (at p. 626 (*531)): `But the inquiry always is, Has injustice been done? Has the party been injured? If he have not, no good reason can be given why he should receive the favor of trying his cause over again.' In accord, Wait v. Krewson, 59 N.J.L. 71 (Sup. Ct. 1896). Essentially it is the manifest denial of justice to a party that constitutes an abuse of discretion."
We fail to discern in the transcript of the proceedings any indiscreet conduct on the part of the trial judge which injuriously affected the substantial rights of the plaintiff.
Judgment affirmed.