THOMAS DAILY, ADMINISTRATOR, (ESTATE OF
FREDERICK DAILY) *vs.* LAWRENCE
D. SPANN ET AL.

Third Judicial District, Bridgeport, October Term, 1930.
MALTBIE, HAINES, HINMAN, BANKS and AVERY, Js.

Argued November 6th—decided December 12th, 1930.

*George E. Beers* and *William L. Beers,* with whom,
on the brief, was *William C. Rungee,* for the appellant
(defendant Alexandra Spann).

*John A. Walsh* and *Maurice J. Buckley,* for the ap-
pellee (plaintiff).

MALTBIE, J.   This is an action brought to foreclose
a judgment lien upon real estate which was claimed to
have been fraudulently conveyed by the defendant
Lawrence D. Spann to the defendant Alexandra Spann
his wife.   In 1926 Mr. Spann bought the property for
$4000 in order to build a house upon it in anticipation
of his marriage to Mrs. Spann, but the house was not
built.   On January 3d, 1929, while driving his automo-

bile he ran into the plaintiff's decedent, causing his death. Two days later Mr. Spann made the conveyance in question. The defendant seeks to avoid the conclusion of the trial court that the conveyance was fraudulent upon the ground that, upon the purchase of the property a resulting trust arose in favor of Mrs. Spann, because she furnished certain money toward its purchase, and also upon the ground that the conveyance was made at least in part to repay certain loans she had made to him.

As to the first claim, the finding of the trial court is that Mrs. Spann, the marriage not then having taken place, gave Mr. Spann the sum of $325 to be used for the purchase of the land. A resulting trust from the payment of the purchase price of property title to which is. taken in the name of another rests upon a presumed intent of the parties that the beneficial interest shall be in the person furnishing the money; *Dolan* v. *Dolan,* 107 Conn. 342, 348, 140 Atl. 745; and it cannot be based upon a gift of money made to that other, even though it was made for the purpose of enabling him to acquire the property. "If the transaction constituted a gift or loan to the husband, of course no trust can result regardless of the intention of the parties." 1 Perry on Trusts (7th Ed.) § 144; see also § 132. The second contention is without basis because, while the trial court has found that Mrs. Spann did make loans to her husband in 1928, it is not found that the conveyance was made in whole or in part to satisfy the obligations thereby created.

The trial court excluded certain questions in which Mr. Spann was asked as to his intent in taking the deed in his own name, as to where he regarded the title of the property to be, and as to certain attempts on his part to make a conveyance of it. In the absence of the basic facts upon which to found a result-

ing trust, any intention he might have had or any attempt he might have made to vest the beneficial title or any part of it in his wife, unaccompanied by an effective act to that end, could not give rise to a trust. 1 Perry on Trusts (7th Ed.) § 96. Whatever might be said of the rulings of the trial court had other facts appeared, no harmful error can be found in them upon this record.

There is no error.

In this opinion the other judges concurred.