This is a suit to set aside a fraudulent conveyance. On September 6th, 1932, complainants took judgment against Herman C. Rust for $1,276, on a debt contracted in 1929. By deed dated August 10th, 1931, and recorded January 2d 1932, Rust conveyed to his sister, the defendant, Anna R. Blauvelt, an undivided one-half part of certain premises in the city of Passaic. This is the conveyance which complainants sue to avoid. At the hearing, defendant moved to dismiss the bill on the ground that the judgment debtor Rust is not a party to the suit.
The debtor is customarily a defendant to suits of this character and properly so, since the object of the suit is collection *Page 502 
of the debt. Had timely objection to the non-joinder been made, it would probably have prevailed. Hunt v. Field, 9 N.J. Eq. 36,43; Winans v. Graves, 43 N.J. Eq. 263. But Professor Glenn, in his work on Fraudulent Conveyances (at p. 164), reaches the conclusion that the debtor is not a necessary party to the bill to set aside an executed transfer which, by its terms, leaves the debtor with no interest in the property. A decree for complainant against the grantee alone may give complainant all the relief desired and will not prejudice the grantor-debtor who is not joined. At most, the non-joinder may lead to litigation between the debtor and his grantee on covenants of title for instance. The rule applicable was stated in Cutler v. Tuttle, 19 N.J. Eq. 549, "where the defendant neglects to make the objection by plea, answer or demurrer, of the want of parties who are only necessary to protect him from further litigation, the court, in its discretion, may refuse to sustain the objection at the hearing or to require the complainant to add new parties in that state of the suit." The motion to dismiss will be denied because it is made too late.
In the course of argument, it appeared that after suit was begun, the debtor was adjudicated a bankrupt. I am uncertain of the effect of the adjudication upon the cause of action.Bingaman v. Trust Co., 15 Fed. Rep. 2d 119. In the absence of bankruptcy, the conveyance would be set aside only to the extent of the debt due complainant, but on a suit by the trustee, it might be avoided as to all of Rust's creditors. I will advise an order directing complainant to serve on the trustee in bankruptcy a notice of the pendency of the suit and the general object and status thereof, so that the trustee may ask leave to intervene or take other action that seems to him wise, and for that purpose the suit will be stayed for fifteen days after service of such notice. If the trustee does not act within that time, complainant may have a final decree in accordance with this opinion.
The bill alleges that Rust was insolvent at the time of the conveyance and that the conveyance was voluntary. At the close of the hearing, I stated orally my conclusion that insolvency *Page 503 
was proved and I need not now review the evidence on that point.
The answer alleges that the conveyance "was predicated upon a valuable consideration, the said Herman C. Rust having been indebted to this defendant in the sum of approximately $200,000 at the time of the said conveyance." Charles Rust, a brother of Herman and of Mrs. Blauvelt, died about 1924, leaving a will by which he gave them each one-half of the residuary estate. Herman, who was one of the executors, took charge of the estate and, according to Mrs. Blauvelt, never paid or delivered to her any part thereof. There is no evidence of the size or debts of the estate or of the amount Mrs. Blauvelt should have received. The house and lot, the conveyance of which is under attack, were part of the estate owned by Mrs. Blauvelt and Herman. There, ever since Charles' death, they both lived, and Herman paid taxes, mortgage interest, all the living expenses, the servants, and so forth.
When a grantee attempts to support a conveyance by proof of an antecedent debt, the proof should be convincing and should disclose with some detail and precision the amount of the debt. "Claims of this kind should also be regarded with watchful suspicion and when attempted to be exerted against creditors upon the evidence of the parties themselves, uncorroborated by other proof, they should be rejected at once, unless their statements are so full, clear and convincing, as to make the fairness and justice of the claim manifest." Besson v. Evalon, 26 N.J. Eq. 468; Cramer v. Cale, 72 N.J. Eq. 210. The proof in the present instance is too vague to establish the claim of Mrs. Blauvelt.
Even assuming the debt, there is an entire absence of proof that the conveyance was intended to satisfy any part thereof or to be security for it. Mrs. Blauvelt did not even know of the conveyance to her until some time after the deed was executed; she first heard of it from one who held a mortgage on the property conveyed. Another brother, Henry Rust, testified that one day Mrs. Blauvelt remarked to him that Herman should do something about the estate and he suggested *Page 504 
that she get a deed from Herman. Later, he spoke to Herman and said, "why don't you give her the house?" and he replied, "what does she want it for; I am looking after it." Henry kept after him and finally Herman made the deed.
In order that an antecedent debt may support a conveyance, the conveyance must satisfy the whole or a certain part of the debt, or else it must be given and received as a mortgage. Daly v.Span (Conn.) 152 Atl. Rep. 583. Defendant does not claim title as a mortgagee but as absolute owner, and yet, even at the hearing she did not offer to give credit in any particular sum. She holds her debt intact and claims the land besides. The conveyance should be set aside.