Louis F. Hersh, trading as L. F. Hersh & Brother,
complainant-respondent,

*v.*

Levinson Brothers, Incorporated, a body corporate,
defendant, and Rubin Gerechoff, defendant-appellant.

[Submitted May term, 1934. Decided September 27th, 1934.]

*Mr. David Goldstein,* for the appellant.

*Mr. T. Cyril Butler,* for the respondent.

The opinion of the court was delivered by

HEHER, J.

The decree herein set aside, as fraudulent, a chattel mortgage made by defendant corporation, Levinson Brothers, Inc., to appellant, Gerechoff, bearing date March 15th, 1933, and recorded on the following day, covering the equipment and fixtures contained in the corporation's retail meat shop in the city of Asbury Park, and ordered that the chattels in question be sold under an execution issued upon a judgment recovered by respondent in the local district court, on March 24th, 1933, "free and clear and discharged of and from the said fraudulent conveyance \* \* \*." Concededly, the mortgage was given to secure a valid and subsisting pre-existing indebtedness, arising from the sale of merchandise by appel-

lant to the corporation. It was a past due debt. The evidence tends to establish that appellant had been pressing for payment of the debt, and that on March 15th, 1933, it was finally agreed that the corporation should give to him its promissory note for the full sum due, payable two months after the date thereof, and secure payment thereof by the chattel mortgage in question. The statutory affidavit states that the consideration was this pre-existing indebtedness, and, in addition, the extension by appellant, at the corporation's request, of the time for the payment of the obligation for a further period of two months. The vice-chancellor concluded, erroneously we find, that the mortgage is a fraudulent conveyance within the intendment of section 12 of the statute of frauds (*2 Comp. Stat. p. 2618*), and is consequently void.

This statute interdicts the making of grants, conveyances or transfers of lands or goods and chattels, "with intent to hinder, delay or defraud creditors and others of their lawful actions, debts, damages or demands * * *." In determining whether a given conveyance (assuming that the grantor is moved by the requisite intent), is within the condemnation of this statute, the primary inquiries are (1) the existence of a valid consideration, and (2) good faith on the part of the grantee.

There was indubitably a valid consideration. That the indebtedness existed is not questioned. But it is said that a pre-existing indebtedness is insufficient, and that a present consideration is necessary to support the mortgage. This is not the law. The pre-existing indebtedness, standing alone, was unquestionably sufficient. It is well settled that it is the right of a debtor who is in failing circumstances or insolvent to prefer one of his creditors; and it is equally the right of the creditor, acting honestly and in good faith, to obtain security for the debt from his debtor, or to extinguish the debt by purchasing property of the debtor which is of the same value as the credit surrendered. *Atlantic Refining Co.* v. *Stokes, 77 N. J. Eq. 119; affirmed, 78 N. J. Eq. 301; Carluccio* v. *Winter, 108 N. J. Eq. 174.* This is also the rule prescribed by the Uniform Fraudulent Conveyance act. *P. L. 1919 p. 500.*

And it is not sufficient, where the conveyance is supported by an adequate consideration, that the debtor disposed of his property with intent to hinder, delay and defraud his creditors. Satisfactory proof of participation by the grantee or transferee in such fraudulent intent is a necessary ingredient. There must be a joint covinous agreement to hinder, delay or defraud the grantor's creditors by the conveyance or transfer. In the case of a voluntary conveyance, or one which is. found to be voluntary as to the excess over proper consideration, the participation of the grantee or transferee in the fraudulent intent is not essential. *Horton* v. *Bamford,* *79 N. J. Eq. 356, 374, 380; Washington National Bank* v. *Beatty, 77 N. J. Eq. 252.* This rule has not been modified by the Uniform Fraudulent Conveyance act.

Now, assuming that, in the transaction in question, the mortgagor was moved by a purpose to hinder, delay and defraud respondent, there is not a scintilla of evidence that appellant was cognizant of, much less a participant in, the mortgagor's fraudulent intent. He had been the mortgagor's source of supply for merchandise that was indispensable for the continued operation of its business, and he had threatened to cut off this source of supply unless payment of the existing indebtedness were made, or security therefor given. It is evident that the mortgagor was resorting to an expedient it regarded as essential for the maintenance of its credit with appellant—a measure that was requisite for the continued operation of its business. There must not, of course, be a want of integrity of purpose upon the part of the creditor thus preferred. There can be no combination between him and his debtor to hinder, delay or defraud other creditors of the debtor. As pointed out by Vice-Chancellor Leaming, in *Atlantic Refining Co.* v. *Stokes, supra:* "When the conveyance is made to secure an antecedent debt or to discharge such a debt, it has been frequently held that even knowledge upon the part of the grantee that his grantor's purpose is to defeat other creditors will not be operative to vitiate the conveyance, providing the grantee did not actually participate in that purpose by making a reservation in favor of the grantor, or in some other manner combining with the grantor

to enable him to defeat his creditors." As to a conveyance made by a grantor actuated by such a fraudulent purpose, there is a well recognized distinction between one who purchases for a present consideration and one who purchases in satisfaction of a pre-existing debt. The former is in every sense a volunteer who, having no motive of interest prompting him to enter into the transaction, does so for the purpose of aiding the fraudulent purpose. So says the law if he knows of the fraudulent purpose of the grantor. The latter has an interest to serve. He can keep out of the transaction only at the risk of losing his claim. The law casts upon him no duty of protecting other creditors. He has the same right to accept a voluntary preference that he has to obtain a preference by superior diligence. He may know the fraudulent purpose of the grantor, but the law sees that he has a purpose of his own to serve, and if he goes no further than is necessary to serve that purpose, the law will not charge him with fraud by reason of such knowledge. *Lockren* v. *Rustan, 9 N. D. 43, 48; 81 N. W. Rep. 60; Bamberger, Bloom & Co.,* v. *Schoolfield, 160 U. S. 149; 16 S. C. 225; 40 L. Ed. 374; 27 C. J. 630.*

The burden of establishing fraud, in a case such as this, rests upon the party averring it; it will not be presumed. It must be established by competent and satisfactory proof; circumstances that are merely suspicious will not support an inference of fraud. *Wolosin* v. *Iavarone, 112 N. J. Eq. 409; Security Acceptance Corp.* v. *Donegani, 113 N. J. Eq. 281.*

But the respondent urges that, even so, the mortgage is in contravention of the provisions of section 64 of the General Corporation act (*2 Comp. Stat. p. 1638*), and it is therefore void as to creditors. Passing the question of whether this section was, in effect, repealed or modified by the Uniform Fraudulent Conveyance act of 1919 (my view is that it had neither effect), we find that the transaction in question does not fall within the inhibited class of conveyances. True, the mortgage is not supported by a "valuable consideration" within the intendment of the proviso exempting from the operation of the statute a conveyance to a *bona fide* purchaser for a valuable consideration, without notice of the insolvency,

or of the sale being made in contemplation thereof, before the corporation shall have actually suspended its ordinary business. It is the settled law of this state that a pre-existing indebtedness is not such consideration. *Empire State Trust Co.* v. *Trustees of William F. Fisher & Co., 67 N. J. Eq. 602; Frost* v. *Barnert, 56 N. J. Eq. 290; John Agnew & Co.* v. *Paterson Board of Education, 83 N. J. Eq. 49; affirmed, Ibid. 339.* But such a conveyance, to fall within the class condemned, must have been made (a) when a state of insolvency existed, or (b) after the suspension of its ordinary business for want of funds to carry on the same, or (c) in contemplation of insolvency. Except as restricted by statute, an insolvent corporation has the same dominion over its assets, and its creditors have the same power to reach those assets, as in the case of an insolvent natural person. *Turp* v. *Dickinson, 100 N. J. Eq. 41.* It is conceded that the mortgagor had not suspended its ordinary business, and there is no evidence tending to establish that the mortgage was made in contemplation of insolvency.

It remains to consider whether a state of insolvency existed when it was made. The policy of the statute is to forbid preferential conveyances by a corporation while in a state of insolvency, or in contemplation thereof, or after its suspension of business for the reason mentioned. The bill contains no allegation of insolvency, and no attempt was made to establish such a status at the time the mortgage was made. And it was not alleged that insolvency was contemplated. The mere inability of a corporation to meet a maturing obligation does not signify insolvency within the statutory sense of the term. *Long* v. *Republic Varnish Enamel and Lacquer Co., 115 N. J. Eq. 212; Hoover Steel Ball Co.* v. *Schafer Ball Bearing Co., 89 N. J. Eq. 433; Hoagland* v. *United States Trust Co., 110 N. J. Eq. 489; affirmed, 113 N. J. Eq. 30.* Insolvency, in this sense, denotes a general inability to meet liabilities as they mature, by means of either available assets or an honest use of credit. The circumstance that the liabilities of a corporation exceed its assets does not necessarily constitute insolvency. This may be the general, primary signification of the term, but it is not the special, statu-

tory sense. A corporation so circumstanced which is actively pursuing its regular business, with a reasonable expectation that business conditions will improve, and that it will be re-established on a sound financial basis, may not be deemed insolvent within the intent of section 64. *Tachna* v. *Pressed Steel Car Co., 112 N. J. Eq. 411; Empire State Trust Co.* v. *Trustees of William F. Fisher & Co., supra; Hoover Steel Ball Co.* v. *Schafer Ball Bearing Co., supra; Long* v. *Republic Varnish Enamel and Lacquer Co., supra; Hoagland* v. *United States Trust Company, supra; Jessup, Receiver, &c.,* v. *Thomasen, 68 N. J. Eq. 443; Turp* v. *Dickinson, supra; Atlantic Trust Co.* v. *Consolidated Electric Storage Co., 49 N. J. Eq. 402; Fort Wayne Electric Corp.* v. *Franklin Electric Light Co., 57 N. J. Eq. 16; Regina Music Box Co.* v. *F. G. Otto & Sons, 65 N. J. Eq. 582.*

There is an obvious distinction between a general inability to meet maturing obligations and a temporary financial embarrassment. A corporation may pledge its assets to raise money necessary to relieve it of pecuniary difficulty, and permit it to continue business. *Hoover Steel Ball Co.* v. *Schafer Ball Bearing Co., supra.* It may employ its credit to obtain renewals of its bills payable and extensions of time for the payment of other obligations. Such would unquestionably be an "honest use of credit." This corporation was functioning normally. It had not suspended its ordinary business. The making of the mortgage was patently not in contemplation of insolvency, but to enable it to continue business. It results that the decree must be reversed.

Decree reversed, and cause remanded for further proceedings not inconsistent with this opinion.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.