In re J. ROSEN & SONS, Inc.
Nos. 7948, 7982, 7989.

Circuit Court of Appeals, Third Circuit.
Argued May 5, 1942.

Decided July 28, 1942.

John Milton, Jr., of Jersey City, N. J., and Mendon Morrill, of Paterson, N. J., for Boyd, trustee.

Effingham Evarts, R. F. C., of New York City (Sol A. Liebman, of New York City, on the brief), for Reconstruction Finance Corporation.

Before BIGGS, JONES, and GOOD-RICH, Circuit Judges.

BIGGS, Circuit Judge.

These three appeals are concerned with two orders entered by the court below in a bankruptcy proceeding. In No. 7948 the trustee in bankruptcy appealed from an order of the District Court authorizing the foreclosure in the state court of a certain mortgage given by the bankrupt to the Reconstruction Finance Corporation. In No. 7982 the Reconstruction Finance Corporation has appealed from so much of the order of the District Court as fails "to specifically adjudicate upon the merits" that the mortgage held by the Reconstruction Finance Corporation is valid. The third appeal in No. 7989 is taken by the Reconstruction Finance Corporation from an order of the District Court authorizing the trustee not to exercise his option to renew a certain leasehold estate belonging to the bankrupt.

The facts are as follows. In June, 1940, J. Rosen & Sons, Inc., of Paterson, New Jersey, filed a petition for an arrangement pursuant to the provisions of Chapter XI of the Bankruptcy Act as amended, 11 U. S.C.A. § 701 et seq. In September, 1940, the company was adjudicated a bankrupt and a trustee was elected.

On February 3, 1939, the Rosen Company had procured a loan from the Reconstruction Finance Corporation in the sum of $65,000 which was secured by a mortgage upon substantially all of the borrower's assets. As we have indicated the Reconstruction Finance Corporation applied to the referee for leave to foreclose its mortgage in the state court of New Jersey. The trustee for his part asked the referee for permission to sell the assets of the bankrupt free and clear of liens and encumbrances. Each party opposed the other's application. The Reconstruction Finance Corporation asserted that its mortgage was valid and the trustee denied it. The referee, despite what seems to have been a full hearing, did not pass upon the validity of the mortgage but ordered the property sold free and clear of liens and encumbrances and directed that the liens and encumbrances, if any, should attach to the proceeds of the sale. He stated that there was ample evidence in the record to support a doubt as to the mortgage's validity. The learned District Judge reversed the order of the referee and granted leave to the Reconstruction Finance Corporation to foreclose its mortgage in the state court, but did not pass upon the validity of the mortgage. He held simply that the retention of jurisdiction by the referee had been "an improvident exercise of discretion". We agree, but this is not the point upon which the decision should have turned.

The trustee claims that the mortgage is invalid because the Rosen Company was insolvent when it was executed. A court of bankruptcy has summary jurisdiction to determine controversies in regard to property of which it has possession. The validity of the mortgage should have been decided promptly unless that decision required a determination of an unsettled question of New Jersey law. Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 481, 483, 484, 60 S.Ct. 628, 84 L.Ed. 876. The trustee in his argument before the referee, before the learned trial judge and before this court contended that Revised Statutes of New Jersey 14:14–2, N.J.S.A. 14:14–2,[1] rendered the assignment or transfer worked by the mortgage void as against creditors. There is nothing in the record to create a

---

[1] Revised Statutes of New Jersey, 14:-14–2, N.J.S.A. 14:14–2, provides: "When any corporation shall become insolvent or shall suspend its ordinary business for want of funds to carry on the same, neither the directors nor any officer or agent of the corporation shall sell, convey, assign or transfer any of its real or personal property, choses in action, rights or credits, nor shall they

doubt (unless of a whimsical or chimerical nature) that the mortgage given by the bankrupt to Reconstruction Finance Corporation for a present consideration of $65,000 was valid. The validity of the mortgage is to be settled by the law of New Jersey. The mortgage was valid unless the bankrupt was insolvent at the time it was given. The insolvency referred to in Revised Statutes 14:14–2, N.J.S.A. 14:14–2, is a general inability on the part of a corporation to meet liabilities as they mature by means of available assets or the honest use of credit. Hersh v. Levinson Bros., 117 N.J.Eq. 131, 136, 174 A. 736, 739. It was settled by the Court of Errors and Appeals in Hoagland v. Clifford F. MacEvoy Co. and Hoagland v. United States Trust Company, 113 N.J.Eq. 29 and 30, 166 A. 196 and 197, affirming 110 N.J.Eq. 489, 160 A. 662, that a corporation may "meet" pecuniary obligations by funds obtained by the honest use of credit and not be deemed to be insolvent. On the record before us we would conclude that this was precisely what was done by the Rosen Company.

 Revised Statutes 14:14–2, N.J.S.A. 14:14–2, was not modified or repealed by Revised Statutes 25:2–7 to 25:2–19, N.J.S.A. 25:2–7 to 25:2–19, the uniform fraudulent conveyance law. Such is the law of New Jersey. Vice Chancellor Berry so held in 1930 in First National Bank of Lyndhurst v. Bianchi & Smith, Inc., 106 N.J.Eq. 333, 150 A. 774. The decision of this court in Morrisville Trust Company v. Moon, 21 F.2d 716, is without effect in view of the fact that the question of the alleged repeal by implication of law has been ruled on by the Court of Chancery of New Jersey. It is contended that the decision in First National Bank of Lyndhurst v. Bianchi & Smith, Inc., is unsound. Be that as it may, it is the law of New Jersey and we must follow it. The Bank of Lyndhurst case has not been overruled by Jesselsohn v. Boorstein, 111 N.J.Eq. 310, 162 A. 254. Cf. Hersh v. Levinson, supra. On the record in this case there is no undetermined question of state law.

The petition of the Reconstruction Finance Corporation for leave to foreclose was filed on November 25, 1940. The petition of the trustee for leave to sell the assets was filed November 26, 1940. The referee held his first hearing on December 9, 1940.[2] After testimony had been taken and exhibits received on behalf of the trustee, the referee asked counsel for the Reconstruction Finance Corporation when he desired to present his case. Counsel replied, "About ten days from now." Accordingly, on the 19th of December there was a further hearing before the referee at

---

or any of them make any such sale, conveyance, assignment or transfer in contemplation of insolvency.

"Any such sale, conveyance, assignment or transfer shall be null and void as against creditors, except that a bona fide purchase for a valuable consideration, before the corporation shall have actually suspended its ordinary business, by any person without notice of such insolvency or of the sale being made in contemplation of insolvency, shall not be invalidated or impeached. The provisions of section 14:14–2 shall not apply to any sale, conveyance, assignment or transfer hereafter made to The Reconstruction Finance Corporation, or to any Federal Reserve bank, or to any bank being a member of the Federal Reserve system, or to any other corporation under State or Federal supervision, as security for the repayment with interest of any sum or sums of money to be loaned or advanced to such corporation at or subsequently to the time of the making of such sale, conveyance, assignment or transfer."

The last sentence of the section as quoted above was added by an amendment effective July 18, 1939, after the creation of the mortgage sub judice.

[2] The transcript of testimony taken at this hearing as well as the transcript of testimony taken at the hearing of December 19th are headed, "Transcript of Testimony Taken at * * * Hearing on Petition of Trustee and Order to Show Cause Vs. The Reconstruction Finance Corporation et als. as to Why Assets Should Not Be Sold Free and Clear of Liens and Adjourned Hearing on Petition of Reconstruction Finance Corporation and Order to Show Cause Vs. the Trustee for a Leave to Foreclose * * *". One would assume from these headings and from the conduct of the referee and the parties at the hearings, that they were for the purpose of determining whether or not the trustee should be permitted to sell the property of the bankrupt free and clear of liens or encumbrances and whether or not the Reconstruction Finance Corporation should be permitted to foreclose its mortgage in the state court. The first intimation that we can gather from this record that the referee thought some other question was before him is contained in his memorandum of May 7, 1941.

84

which time the Reconstruction Finance Corporation presented its evidence. The referee stated that he proposed "to dispose of the whole thing at one crack". The attorneys for the parties stated they would file briefs with the referee and the hearing was "closed". About six month later, viz., on May 7, 1941, the referee filed an opinion in which he stated, "The attack upon the mortgage will involve the parties in extended litigation which cannot be speedily determined. And the expenses of preserving the property are heavy". He thereupon granted the trustee's petition for leave to sell free and clear of liens and encumbrances. From the referee's certificate of review filed in the District Court on July 11, 1941, it appears, as we have already indicated, that the referee thought that the question presented for his determination was whether or not the trustee had shown sufficient facts to raise a reasonable doubt as to the validity of the mortgage.

■ It was the duty of the referee promptly to dispose of the questions presented by the petitions of the trustee and the Reconstruction Finance Corporation. If the referee was unable to decide these questions, the learned District Judge should have done so. The referee made no findings of fact or conclusions of law as required by General Order in Bankruptcy No. 47, 11 U.S.C.A. following section 53. The District Judge had the power and authority to receive further evidence if the record before the referee was incomplete, to make findings of fact and conclusions of law in the premises. General Order No. 47 so provides. An order granting authority to the Reconstruction Finance Corporation to foreclose its mortgage in the state court should have been made only after an express finding by the court that the mortgage was valid.

Accordingly we reverse the order of the District Court of January 13, 1942, and direct the learned District Judge to take such additional evidence, if indeed there be any, as may be required to complete the record, to make findings of fact and conclusions of law and to make an appropriate order in the premises. This disposes of the appeals of the trustee and cross-appeal of the Reconstruction Finance Corporation at No. 7948 and No. 7982.

We will consider now the appeal of the Reconstruction Finance Corporation at No. 7989; viz., from the order instructing the trustee not to exercise his option to renew the leasehold estate. Upon the day preceding the entry of the order of the District Court of January 13, 1942, granting the mortgagee leave to foreclose, the trustee filed with the referee a petition seeking instructions in respect to a leasehold estate in perpetuity held by the bankrupt on real estate on which its plant was located. This leasehold estate was included among the assets covered by the mortgage to the Reconstruction Finance Corporation. This lease was to have expired by its own terms on February 1, 1942, but contained provisions that the bankrupt or its successor might have the option of renewing it for a further period of twenty-one years upon paying a fine of $350 and all taxes and charges. The total amount required to be paid by the trustee as the bankrupt's successor in order to exercise the option of renewal amounted to approximately $6,000. The trustee filed a petition with the referee in bankruptcy and prayed that he be given instructions as to whether or not he should exercise the option to renew the lease. The referee issued a rule to show cause and hearing was had.

Bids had been received by the trustee from persons desiring to buy the assets of the bankrupt. One bid in the sum of $20,000 was for the machinery and the other was in the sum of $25,000 for substantially all of the bankrupt's assets, including its machinery, equipment and interest in the leasehold estate. The referee found that upon the basis of these offers which he considered "as the best practical indication of the present relative values of the bankrupt's assets" the bankrupt's lease interest had a value of $5,000 or approximately one-fifth of the total value of the remaining assets. The trustee had on hand about $12,000 in cash and took the position that he would not be justified in spending one-half of his cash to preserve an asset the value of which was only about one-fifth of the total value of the remaining assets. Unsecured creditors also made objection to the proposed expenditure. The Reconstruction Finance Corporation took the position that the value of the leasehold to the estate was at least $10,000 and that therefore the trustee should pay the $6,000 to the landlord and exercise the option. An appraisal made by appraisers appointed by the referee found that the value of the bankrupt's leasehold interest was $22,200 and the machinery and equipment was appraised at $18,681, a total of $40,881. This appraisal was made on September 28, 1940.

The referee entered an order directing the trustee not to exercise the option to renew the lease. Upon a certificate of review the court below affirmed this order of the referee and the Reconstruction Finance Corporation has appealed. We are of the opinion that the order of the District Court of January 28, 1942, approving the order of the referee instructing the trustee not to pay the sum required to renew the option upon the bankrupt's leasehold estate is correct. Accordingly it will be affirmed.

The trustee has contended that the order of the District Court of January 28, 1942, is not appealable because it is interlocutory. This contention fails to take into account the provisions of Section 24, sub. a of the Bankruptcy Act, as amended by the Act of June 22, 1938, 52 Stat. 854, 11 U.S. C.A. § 47, sub. a, which give a broader jurisdiction of appeals than existed under Sections 24, sub. a and 24, sub. b as they stood prior to 1938. See 44 Stat. 664. The order of January 28, 1942 clearly is an appealable order, but in view of our decision to affirm it, it is unnecessary to embark upon an extended discussion of the law relating to appeals from interlocutory orders in bankruptcy.