66 N.J. Super. 398 (1961)
169 A.2d 208
LEWIS M. JOHNSON AND KATHRYN M. JOHNSON, PLAINTIFFS,
v.
JOSEPH PAUL LENTINI, ISABEL M. LENTINI AND PAUL HENRY LENTINI, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided March 17, 1961.
*401 Mr. Isaac C. Ginsburg, attorney for plaintiffs.
Mr. John W. Keogh, attorney for defendants.
*402 WICK, J.S.C.
This matter comes before the court upon depositions, answers to interrogatories and briefs filed with the court by the parties in lieu of the presentment of formal evidence.
On February 14, 1958 Joseph Paul Lentini and his wife Isabel M. Lentini (hereafter referred to as defendant grantors) purchased two parcels of real property from the plaintiffs. One parcel consisted of a lot improved by a dwelling; the other parcel, two vacant lots. The purchase price for the lot improved by a dwelling was $13,000 which was paid as follows: the defendant grantors made a $2,500 down-payment in cash on December 18, 1957 and upon settlement the Bloomfield Savings Bank advanced the balance secured by a first mortgage upon the premises. In payment for the two vacant lots the defendant grantors gave their promissory note dated February 14, 1958 in the sum of $4,500, payable to plaintiffs; a bond dated the same day obligating them to pay the same sum to the plaintiffs; and a mortgage on these two lots securing this amount. The plaintiffs still hold this mortgage and, although the note is in default, the mortgage has not been foreclosed.
The defendant grantors defaulted upon payment of the aforesaid note and the plaintiffs, instead of foreclosing the mortgage, instituted an action at law on the note in the Atlantic County Court on March 23, 1960. On April 6, 1960 the defendant grantors made a conveyance of the lot improved by a dwelling to Paul Henry Lentini (hereafter referred to as defendant grantee) for an expressed consideration of $1 and other good and valuable consideration. The defendant grantee is the brother and brother-in-law of the defendant grantors.
Judgment in favor of the plaintiffs against the defendant grantors was entered by default on April 27, 1960 upon the action instituted in the Atlantic County Court on the note. Then, on June 20, 1960, the plaintiffs, as judgment creditors of the defendant grantors, commenced this action in the Superior Court, Chancery Division, against both the *403 defendant grantors and grantee to have the conveyance of April 6, 1960 declared null and void as a fraudulent conveyance and the premises sold under a writ of execution. The defendants answered, alleging that the conveyance was made in full satisfaction of an antecedent debt owed by the defendant grantors to the defendant grantee. The defendants later amended their answer to include a counterclaim to restrain the plaintiffs from proceeding with this action until they have foreclosed their mortgage on the two lots and a deficiency accrues. The separate defenses that the plaintiffs have an adequate remedy at law and that this court lacks jurisdiction were also added by amendment.
Each of the defendants in his depositions and answers to interrogatories states that the defendant grantee advanced the defendant grantors $2,000 on December 18, 1957, which sum was used to make the down-payment upon the property transferred. The depositions further reveal that the defendant grantee, prior to this conveyance to him, had knowledge of the impending suit by the plaintiffs against the defendant grantors in the Atlantic County Court; that this conveyance, although in the form of a deed, was actually only security for the loan of December 18, 1957, despite that there was no provision for repayment; and that the defendant grantors are still living in the property and are continuing to pay all expenses necessary for its maintenance.
The plaintiffs in their pleadings have failed to state the specific provision, if any, of the Uniform Fraudulent Conveyance Act (R.S. 25:2-7 to 19) under which they are proceeding. However, in their brief the plaintiffs have made reference to both R.S. 25:2-13 and 25:2-10 as a basis for the relief sought.
R.S. 25:2-10 provides as follows:
"Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."
*404 The burden of proof of insolvency is upon the plaintiffs. The plaintiffs must, in order to prevail under R.S. 25:2-10, show that the defendant grantors were on the date of the conveyance, rendered insolvent. See Conway v. Raphel, 102 N.J. Eq. 531 (E. & A. 1928).
Insolvency is defined for the purposes of the Uniform Fraudulent Conveyance Act, by R.S. 25:2-8 as follows:
"1. A person is insolvent when the present fair saleable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured."
On the date of the conveyance, the defendant grantors still retained title to the two lots which they had also purchased from the plaintiffs on February 14, 1958. Although this property is subject to a mortgage held by the plaintiffs, this mortgage must be disregarded in determining the issue of solvency because the judgment obtained by the plaintiffs is the same debt which the mortgage secures. The depositions reveal that the defendant grantors owed $10,050 upon the first mortgage held by Bloomfield Savings Bank; $2,000 on the advance by the defendant grantee; $4,992.12 on the judgment in favor of the plaintiffs; and several bills for minor repairs on the premises conveyed. At the time of conveyance, the defendant grantors only owned, according to their own admissions, besides the two lots worth approximately $4,500, furniture valued at $500 and a 1951 Buick automobile valued at $50. This court, upon totaling the liabilities and assets of the defendant grantors, must find that the plaintiffs have entered sufficient proofs to show that on the day of this conveyance the defendant grantors were, under the statutory test of insolvency, rendered insolvent by this conveyance.
Even though this conveyance rendered the defendant insolvent, it will be upheld if supported by a fair consideration. R.S. 25:2-9 defines fair consideration as follows:
*405 "Fair consideration is given for property or obligation:
a. When in exchange for such property or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied; or
b. When such property or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property or obligation obtained." (Emphasis added)
It has long been established in New Jersey that an antecedent debt, if reasonably proportionate to the indebtedness secured, is a fair consideration to support a conveyance made by an insolvent debtor as security to one of his creditors. In Hersh v. Levinson Bros., Inc., 117 N.J. Eq. 131 (E. & A. 1934), the Court of Errors and Appeals, in reversing a decree which set aside a chattel mortgage as fraudulent, stated:
"There was indubitably a valid consideration. That the indebtedness existed is not questioned. But it is said that a pre-existing indebtedness is insufficient, and that a present consideration is necessary to support the mortgage. This is not the law. The pre-existing indebtedness, standing alone, was unquestionably sufficient. It is well settled that it is the right of a debtor who is in failing circumstances or insolvent to prefer one of his creditors; and it is equally the right of the creditor, acting honestly and in good faith, to obtain security for the debt from his debtor, or to extinguish the debt by purchasing property of the debtor which is of the same value as the credit surrendered. Atlantic Refining Co. v. Stokes, 77 N.J. Eq. 119; affirmed 78 N.J. Eq. 301; Carluccio v. Winter, 108 N.J. Eq. 174. This is also the rule prescribed by the Uniform Fraudulent Conveyance Act. (P.L. 1919 p. 500.)"
Also see Schwartz v. Battifarano, 2 N.J. 478 (1949), wherein the above quotation was cited with approval by Justice Wachenfeld.
The grantee, when attempting to support by an antecedent debt a conveyance attacked as fraudulent, has the burden of proving such debt by clear and convincing evidence. Lysakowski v. Blauvelt, 115 N.J. Eq. 501 (Ch. 1934); Cramer v. Cale, 72 N.J. Eq. 210 (Ch. 1906); Camden Safe Deposit & Trust Co. v. Green, 124 N.J. Eq. *406 221 (Ch. 1938); Schwartz v. Battifarano, supra. The defendant grantee has satisfied such a burden. The deposition of each defendant recites that the defendant grantee on December 18, 1957 withdrew $1,900 from his Postal Savings account, added $100 to this sum, and then loaned the $2,000 to the defendant grantors to use as down-payment on the property later conveyed to him as security for his advance. The amount secured, being only $2,000, was reasonably proportionate to the interests of the defendant grantors in the property conveyed, since the property, worth approximately $13,000, was subject to a first mortgage of $10,050 at the date of the conveyance. The plaintiffs have not offered any proofs disputing the defendants' statements; therefore the court must find that the defendant grantee has satisfied his burden of proving the alleged antecedent debt.
Not only must the grantee show that the conveyance was supported by an antecedent debt, the grantee must also prove that he acted in good faith in accepting the conveyance as security for his claim. There can be no combination between the creditor thus preferred and the debtor to hinder, delay, or defraud other creditors. The creditor, even though cognizant of the intent of the debtor to defeat his other creditors, may accept a voluntary preference so long as he only protects his own interest in so doing. Hersh v. Levinson Bros., Inc., supra. Although the conveyance is between brothers and thus is subject to careful and close scrutiny, that fact alone does not prevent a bona fide preference. See Equitable Life Assurance Society of United States v. Patzowsky, 128 N.J. Eq. 579 (Ch. 1941), affirmed 131 N.J. Eq. 49 (E. & A. 1941).
However, if the grantee actively participates in the grantors' purposes to defeat his other creditors by making a reservation in favor of the grantors, the grantee has not acted in good faith and thus the conveyance is fraudulent. Atlantic Refining Co. v. Stokes, 77 N.J. Eq. 119 (Ch. 1910), affirmed 78 N.J. Eq. 301 (E. & A. 1910); Hersh v. Levinson Bros., Inc., supra. The conveyance in question herein does *407 contain a reservation in favor of the defendant grantors. The depositions reveal that the conveyance, although in the form of a deed, is subject to redemption by the defendant grantors. Each defendant stated that the conveyance was made as security for the defendant grantee's advance, and upon repayment of this advance the grantee would reconvey the property to the grantors. The deed as recorded fails to contain any such reservation in favor of the defendant grantors.
Professor Glenn, in his treatise Fraudulent Conveyance and Preference (rev. ed. 1940), sec. 299a-c, suggests that a "transfer absolute on its face, but actually intended as security" should be considered apart from transfers subject to other secret reservations:
"* * * Undoubtedly the transaction should be viewed with suspicion. Just as Courts require very strong evidence, even as between the parties, before they will treat an absolute deed as a mortgage, so here it is quite proper to view the thing as a badge of fraud, but susceptible to explanation, if a reasonable excuse can be given. If there really was a security transaction and so intended, but by accident or mistake the papers failed to state the loan, with a resulting right of redemption in the debtor, and this is shown by cogent evidence, the grantee should be accorded his actual right, which is to hold the property as security for his loan."
The New Jersey rule is in accord with the above quotation. The plaintiffs have cited the case of Scott v. Hartman, 26 N.J. Eq. 89 (Ch. 1875), for the proposition that an absolute conveyance with a secret reservation is fraudulent per se to creditors. However, the Court of Errors and Appeals in Muchmore v. Budd, 53 N.J.L. 369 (E. & A. 1891), modified the rule of Scott v. Hartman, supra, to the extent that reservation of the right of redemption inconsistent with the terms of the conveyance is evidence of fraud as to creditors but is not conclusive in itself.
The defendants have not offered any explanation of their use of deed rather than a mortgage. The defendants did not, because of ignorance, mistakenly use a deed instead *408 of a mortgage. Counsel was employed by them to prepare this deed; there is no question that a mortgage could have just as easily been prepared. In the absence of any such explanation, the court must consider this reservation of redemption to be the same as any other reservation in favor of the grantors. By permitting such a reservation, the defendant grantee cannot be considered to have accepted this conveyance in "good faith" as security for his advance to the grantors. "Good faith" of the grantee is a necessary prerequisite of a "fair consideration" as defined by R.S. 25:2-9. In the absence of such good faith, this conveyance must be declared null and void as a conveyance by an insolvent debtor without a fair consideration under R.S. 25:2-10. Thus, it is unnecessary for the court to decide the issue of whether this conveyance is fraudulent under R.S. 25:2-13.
The defendants have, by amendment to their answers, added the defenses that the plaintiffs have an adequate remedy at law and that this court lacks jurisdiction to entertain this action. Both defenses must be rejected as being without merit.
The Court of Chancery is, under our judicial system, the only tribunal vested with the power to set aside and declare null and void a conveyance made in fraud of creditors. United Stores Realty Corp. v. Asea, 102 N.J. Eq. 600 (E. & A. 1928). The plaintiffs, as judgment creditors of the defendant grantors, have the proper status to invoke the provisions of the Uniform Fraudulent Conveyance Act to attack this conveyance. Although judicial interpretation has limited the meaning of "creditor" as used in the act to one who holds a judgment or lien against the property transferred in order to satisfy constitutional requirements (see F.W. Horstmann Co. v. Rothfuss, 128 N.J. Eq. 168 (E. & A. 1940); Hussong v. Fox, 2 N.J. 209 (1949)), the plaintiffs have such status. The judgment in favor of the plaintiffs against the defendant grantors was entered in the Atlantic County Court on April 27, 1960, by virtue of *409 N.J.S. 2A:16-1. The judgment at that time became a lien upon all real property owned by the defendants. Although the plaintiffs still have a first mortgage on the other two lots securing this same debt, such mortgage cannot affect the right of the plaintiffs, as judgment creditors, to invoke the provisions of the Uniform Fraudulent Conveyance Act.
The defendants have also filed a counterclaim seeking that the plaintiffs be restrained from proceeding with this action until they have foreclosed their mortgage on the two lots and a deficiency accrues. The defendants contend that to permit the plaintiffs to continue with this action and thus satisfy their judgment by execution upon the property herein involved, would violate "the basic traditions of equity." The plaintiffs, according to the defendants, would receive a double satisfaction of their claim, for they would recover their judgment from the execution sale and still hold the mortgage on the two lots for the same debt. There is no question that equity will not permit a double satisfaction. See Federal Title & Mortgage Guaranty Co. v. Lowenstein, 113 N.J. Eq. 200 (Ch. 1933); Fidelity Union Trust Co. v. Multiple Realty & Construction Co., 131 N.J. Eq. 527 (Ch. 1942). However, there is not any danger of double satisfaction here, for if the plaintiffs do satisfy either all or any part of their judgment from an execution of the property herein involved, their mortgage lien upon the two lots must be reduced by the same amount.
The defendants also suggest the theory of marshaling in support of their counterclaim. Marshaling is the general equitable principle that one who has a lien on a single property may compel one who has a superior lien on the same property and on another property, to first resort to the property which is not incumbered for the satisfaction of his claim. Sternberger v. Sussman, 69 N.J. Eq. 199 (Ch. 1905), affirmed 85 N.J. Eq. 593 (E. & A. 1916); Gordon v. Arata, 114 N.J. Eq. 294 (Ch. 1933). However, the doctrine of marshaling is only applicable as between creditors. See Gordon v. Arata, supra, wherein Vice-Chancellor *410 Sooy held that the principles of marshaling are not applicable as between a purchaser of an equity of redemption and a prior mortgagee. The defendant grantors, as holders of the equity of redemption, do not have the necessary status to require marshaling in this action. Neither can the defendant grantee require marshaling, because he has yet to establish a valid lien upon any of the defendant grantors' property. The counterclaim must be denied.
A judgment may be presented in accordance with these conclusions.