Estelle **BLISNER** and Paul Blisner, Plaintiffs-Appellants,

v.

Ella **GURTZ**, Louis Horen and Richard E. Bates, Defendants-Respondents.

No. 32753.

St. Louis Court of Appeals.

Missouri.

Sept. 17, 1968.

Richard M. Stout, Anthony J. Sestric, St. Louis, for plaintiffs-appellants.

J. E. Sigoloff, Charles S. Sigoloff, St. Louis, for defendants-respondents.

WOLFE, Judge.

This appeal relates to an attempt to invoke equity for the marshaling of assets. The object of the suit as stated in appellants' brief is "to protect the rights of plaintiffs as junior lienholders, on some of the defendant Gurtz's properties, from favoring of Horen, as senior lienholder on all the properties." A motion to dismiss on the ground that the petition failed to state a cause of action was filed and sustained by the court. The plaintiffs appealed.

The petition which the court held inadequate to state a cause of action, not including attached exhibit, covers ten pages of the transcript of record. We will therefore briefly summarize its pertinent allegations. It alleges that defendant Ella Gurtz is insolvent and that she owns four parcels of real estate. On two of these properties the plaintiffs hold second deeds of trust. There is due and owing to plaintiffs the sum of $4,000 on the notes secured by the second deeds of trust executed by Ella Gurtz and held by plaintiffs. On all four of the properties Louis Horen holds first deeds of trust. Defendant Bates is the trustee named in the second deeds of trust held by the plaintiffs. The plaintiffs charge that defendant Gurtz, the owner, and Bates, the trustee under the second deeds of trust held by the plaintiffs, are collecting rents from the properties and paying Horen, the holder of first deed of trust on all the properties, and other creditors of Gurtz "in an inequitable manner." The alleged inequitable manner consists of using rents collected from the properties upon which plaintiffs hold second deeds of trust and applying them to the debt secured by the first deeds of trust held by Horen on the two properties on which the plaintiffs do not have a second deed of trust. It is alleged that these practices will continue unless the court appoints a receiver to marshal all of Ella Gurtz's assets so that her creditors "can be paid in full without inequitable preference."

It is, of course, the contention of the plaintiffs that the court erred in dismissing the petition. They assert that the defendants "are fattening their equities in the parcels," in which the plaintiffs have no

interest, out of income from parcels upon which plaintiffs hold second deeds of trust. It is asserted that the defendants are, "thereby preventing plaintiffs from gaining security against," the property upon which they hold second deeds of trust. They argue that this presents a situation wherein equity should order a marshaling of assets.

We are cited to Fleming-Gilchrist Const. Co. v. McGonigle, 338 Mo. 56, 89 S.W.2d 15, 107 A.L.R. 1003; and Tower Grove Bank & Trust Co. v. Duing, 346 Mo. 896, 144 S.W.2d 69. The Fleming case is a statutory action in equity to determine and enforce the rights of all parties interested in property upon which mechanics' liens are claimed. In the course of the opinion the action is likened to marshaling assets in other equitable actions. The Tower Grove Bank and Trust Company case, which is the only other case cited, has to do with the fraudulent pledge of a note to the plaintiff bank by the trustee of the mortgage which secured them. The facts in neither of these cases have any similarity to the facts pleaded in the petition here considered.

■ The appointment of a receiver is not and cannot be the objective of litigation. Such appointments are only auxiliary to pending actions. Milgram v. Jiffy Equipment Co., 362 Mo. 1194, 247 S.W.2d 668, l. c. 674, 30 A.L.R.2d 925; Robinson v. Nick, 235 Mo.App. 461, 136 S.W.2d 374, l. c. 385. Goll v. Kahler, Mo.App., 422 S.W. 2d 359, l. c. 363. It follows that if the petition fails to state an action requiring the court to marshal the assets of the defendants no receiver could be appointed.

■ The plaintiffs' only charge against Ella Gurtz, the defendant property owner, is that she is paying money that she collects as rent from properties on which the plaintiffs hold second deeds of trust to Horen who holds first deeds of trust on all of the property. In Fleming-Gilchrist Const. Co. v. McGonigle, 338 Mo. 56, 89 S.W.2d 15, l. c. 19, supra, the court stated:

" * * * Marshaling assets means the protection of the rights of junior lienholders (or of the debtor), in situations where all of the liens do not cover the same property and where a sale of part of the property may substantially reduce a prior lien, by requiring part of the property to be sold and the proceeds applied to reduce the amount of the prior lien, before selling the rest of the property or before selling the only property which secures junior liens (or which may be saved for the debtor). * * * "

In the same case the court stated that equity cannot create rights but is limited to determining what rights the parties have.

■ The right of Ella Gurtz to collect rents is not questioned, nor can it be, as there was no assignment of rents alleged. When she collected them they became her money and she could use it to pay creditors as she saw fit. She may pay the money to Horen in preference to other creditors. Kinsella v. Gibson, Mo., 307 S.W.2d 491, l. c. 494. Farmers & Merchants Bank of Festus v. Funk, 338 Mo. 508, 92 S.W.2d 587, l. c. 591. Horen, who held the first deed on all the property, could, of course, apply the payments made to him on any of the notes he held as designated by the owner of the property when payments were made.

■ There is a paucity of cases on the subject of marshaling assets. It is generally held to be a doctrine applicable only between creditors of a common debtor and not between creditor and debtor. 55 C.J.S. Marshaling Assets and Securities § 14, p. 972; Johnson v. Lentini, 66 N.J.Super. 398, 169 A.2d 208; Homan v. Michles, 118 Ohio App. 289, 194 N.E.2d 162; In re Concordia Mercantile Co., 173 Kan. 155, 244 P.2d 1175. Here the plaintiffs seek primarily to reach all of the debtor's funds. Our research has failed to disclose any case where the doctrine has been so used and the facts here pleaded do not warrant its application.

We hold that the trial court properly dismissed the petition for failure to state a cause of action and the judgment is affirmed.

ANDERSON, P. J., and DOUGLAS W. GREENE, Special Judge, concur.

RUDDY, J., not participating.