690 A.2d 693

UNITED JERSEY BANK, PLAINTIFF–RESPONDENT,
v. GEORGE VAJDA, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 3, 1996—Decided March 27, 1997.

162

Before Judges PRESSLER, HUMPHREYS and WECKER.

*William DeLorenzo, Jr.* argued the cause for appellant (*DeLorenzo and DeLorenzo*, attorneys; *Mr. Delorenzo*, on the brief).

*Sydney Hyman* argued the cause for respondent (*Hyman, Boruch and Hyman*, attorneys; *Mr. Hyman*, of counsel; *David S. Briman*, on the brief).

*J. Noble Sellarole* argued the cause for intervenor Elizabeth Goldmark.

The opinion of the court was delivered by

HUMPHREYS, J.A.D.

Plaintiff obtained a default judgment in August 1994 against the defendant for some $91,000. Thereafter, defendant transferred assets to his sister including half of his stock in a corporation. Defendant appeals an order entered on January 31, 1996 which set aside the transfers.

Defendant contends: (1) his transfer of the stock interest created a joint venture which is "immune" from a judgment lien against him; (2) the court may not cancel the transfer of his stock interest to a non-party because there was consideration for the transfer based upon a past indebtedness; (3) in making the stock transfer, he did not violate any statutory provisions and no fraudulent intent was shown; (4) in order to prove fraud, a hearing had to be held; and (5) his sister should have been made a party defendant prior to the court acting on the motion.

After a review of the record and the arguments presented, we find that the issues raised by the defendant are clearly without merit. *See R.* 2:11–3(e)(1)(E).

I

█ After the entry of the judgment, the defendant was deposed. He testified that he had a one hundred percent interest in a corporation, Calvary Equities, Inc. and that he owned three horses. He testified that he owed over $500,000 and was "financially distressed." He also testified that he owed his sister, Elizabeth Goldmark, "some money," amounting to "maybe $50,-000" and that there was no written note.

After his deposition, the defendant transferred to his sister a partial interest in his horses and Calvary Equities, Inc. Plaintiff moved for an order setting aside the transfers. A hearing was held. In an oral opinion on January 19, 1996, Judge Hamer found that the defendant was insolvent at the time of the transfers because he was "unable to meet his current obligations ... [and] his assets [were] exceeded by his liabilities...." The judge also found that the defendant had not received any value for the transfers and that they constituted fraudulent conveyances.

The judge entered an order on January 31, 1996 which provided, among other things, that: (1) all transfers of Calvary Equities capital stock to Elizabeth Goldmark be set aside; (2) defendant was to turn over to plaintiff all of his Calvary Equities stock certificates; and (3) defendant was to provide plaintiff with all documentation regarding the transfer, sale or other disposition of any horses that he owned.

The judge's findings were clearly correct under the Uniform Fraudulent Transfer Act, *N.J.S.A.* 25:2–20 to 2–34. A transfer made by a debtor is fraudulent as to a creditor if the transfer was made:

   a. With actual intent to hinder, delay or defraud any creditor of the debtor; or

   b. Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

(1) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

(2) Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they become due.

[*N.J.S.A.* 25:2–25]

In determining fraudulent intent, consideration may be given to a number of factors including:

a. The transfer or obligation was to an insider;

i. The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

j. The transfer occurred shortly before or shortly after a substantial debt was incurred.

[*N.J.S.A.* 25:2–26.]

In addition, a transfer is fraudulent as to present creditors where the debtor made the transfer without receiving a reasonably equivalent value in exchange for the transfer and the debtor was insolvent at the time or became insolvent as a result of the transfer. *See N.J.S.A.* 25:2–27(a).

A transfer is also fraudulent if it is made to an insider to repay an antecedent debt and the debtor is insolvent at the time or the insider had reasonable cause to believe that the debtor is insolvent. *See N.J.S.A.* 25:2–27(b). A relative of the debtor is an "insider." *N.J.S.A.* 25:2–22(a)(1).

In the present case, the defendant as shown by his deposition was plainly insolvent. His claim that he owed Ms. Goldmark money is unsupported by any documentation. The transfers to his sister were patently fraudulent under the Uniform Fraudulent Transfer Act. *N.J.S.A.* 25:2–20 to 2–34. Accordingly, the judge was justified in disposing of this issue in a summary manner. The evidence here is so one-sided that the plaintiff must prevail as a matter of law. *See Brill v. Guardian Life Ins. Co.,* 142 *N.J.* 520, 540, 666 *A.*2d 146 (1995).

## II

■ Ms. Goldmark was not a party below. She contends that therefore she cannot be bound by the turnover order that was entered. Plaintiff maintains that it did not learn of Ms. Goldmark's interest in the stock until it had received defendant's affidavit opposing plaintiff's motion for a turnover order. Plaintiff says that it demanded Ms. Goldmark's address from defendant but he did not give it. Consequently, plaintiff maintains that it was unable to join Ms. Goldmark prior to the order being entered.

Ms. Goldmark moved to intervene on this appeal. We granted that motion. Consequently, she is now a party to the action. She states in her certification filed on this appeal that: (1) she loaned money in excess of $50,000 to defendant; (2) she and defendant agreed she would receive an ownership interest in Calvary Equities to secure her debt; (3) the stock certificates were transferred to her; and (4) she received no notice of the present action and its impact on her ownership of the stock.

■ We are entirely satisfied from our review of the record that her claim is baseless and can be resolved in a summary manner. She has not provided any documentation or other corroboration which supports her claim of a pre-existing loan. She did not assert in her certification that she was unaware of her brother's financial distress. Transfers made to close relatives are especially suspect. *Coles v. Osback,* 22 *N.J.Super.* 358, 364, 92 *A.*2d 35 (App.Div.1952), *certif. denied,* 11 *N.J.* 330, 94 *A.*2d 549 (1953); *Security Pacific Nat'l Bank v. Masterson,* 283 *N.J.Super.* 462, 469, 662 *A.*2d 588 (Ch.Div.1994); *Johnson v. Lentini,* 66 *N.J.Super.* 398, 406, 169 *A.*2d 208 (Ch.Div.1961); *see also N.J.S.A.* 25:2–22(a)(1).

We are entirely satisfied that she has not demonstrated the existence of any genuine factual dispute. *See R.* 4:46–2(b),(c); *Brill, supra,* 142 *N.J.* at 540, 666 *A.*2d 146. Plaintiff is entitled to relief against her as a matter of law. Accordingly, we exercise our

original jurisdiction and modify the turnover order to bind her as well as the defendant. *See R.* 2:10–5.

The order as modified is affirmed.